Doud and others, Appellants, vs. The Wisconsin, Pittsville & Superior Railway Company and others, Respondents.

*November 6, 1885 — February 2, 1886.*

Pleading.  *(1, 3)* Demurrer ore tenus: *Presumptions.*
Corporations: Parties.  *(2, 3)* When stockholder may sue in his own name for wrong to corporation.

1. When the question of the sufficiency of a complaint is raised by an objection to the admission of any evidence under it, a greater latitude of presumption will be indulged in than upon a formal demurrer; but the court will not, in either case, supply by presumption necessary averments or material facts which have been omitted; nor can such omissions be supplied from the answer.

2. A stockholder cannot maintain an action in his own name against officers of the corporation for fraudulent acts or waste of the corporate property, unless the corporation or its officers, upon being requested, refuse to prosecute the action, or unless it appears that such a request would be useless.  *Dousman v. W. & L. S. M. & S. Co.* 40 Wis. 418, and *Wood v. U. G. C. B. Ass'n,* 63 id. 9, distinguished.

3. If such an action is brought by a stockholder, an averment of the refusal of the corporation to sue is essential to the sufficiency of the complaint, and the omission of such averment may be taken advantage of by demurrer or by an objection to any evidence.

APPEAL from the Circuit Court for *Monroe* County.

The action is brought by a part of the stockholders of the *Wisconsin, Pittsville & Superior Railway Company* against that corporation and *George Hiles*, president, *C. O. Baker*, secretary, *James Hiles* and *H. C. Atkins*, directors, *W. G. Collins*, a stockholder, and *Stephen Clement*, the trustee named in certain bonds of the corporation. The facts alleged in the complaint are sufficiently stated in the opinion. The relief sought is (1) to determine what amount, if any, *George Hiles, James Hiles, H. C. Atkins,* and *W. G. Collins* have paid on certain stock issued to them; (2) to cancel a certain over-issue of stock by the president and secretary; (3) to cancel certain bonds issued by the president and secretary; (4) to determine the state of the accounts between the president and the company; (5) to compel the delivery of the funds of the company by the defendants to the treasurer of the company; (6) to restrain the defendants from using any of the company's funds or property in any other business than that of the company; and from selling, leasing, transferring, pledging, or consolidating any of the property or franchises of the company; and from issuing, delivering, selling, or pledging any stock or bonds of the company; and from incurring any further indebtedness on the part of the company; and from paying out the funds of the company except upon warrant of its treasurer; (7) to direct the president to make to the railroad commissioner a true statement of the cost, gross receipts, earnings, etc., of the road; (8) to cancel and set aside the proceedings of a pretended meeting of the directors, held in October, 1883; (9) to adjust the account of *Stephen Clement* as trustee; (10) to compel the defendants to allow the plaintiffs at all times full and free inspection of the books, papers, and records of the company.

The defendants answered the complaint at length upon the merits. At the trial the defendants objected to the admission of any evidence under the complaint on the ground

that it did not state facts sufficient to constitute a cause of action. The objection was sustained, and judgment was entered dismissing the complaint. The plaintiffs appealed.

For the appellants there was a brief by *Moses Hooper*, and oral argument by *Mr. Hooper* and *Geo. R. Gardner*. They contended, *inter alia*, that the question in this action is not so much one of wasting or mismanagement of the corporate property or franchises, as one of the transfer of that property from one set of stockholders to another by fraudulent issues of stock. In such cases the right of action belongs primarily to the stockholders. *Dousman v. W. & L. S. M. & S. Co.* 40 Wis. 418, 421–2; *Putnam v. Sweet*, 2 Pin. 302, 345; *Wood v. U. G. C. B. Ass'n*, 63 Wis. 9; *Nazro v. Mer. Mut. Ins. Co.* 14 id. 295, 302; *Gray v. Portland Bank*, 3 Mass. 364, 375, *et seq.;* Pomeroy's Eq. Jur. secs. 1090–1095. The facts show that an application to the directors to proceed in the name of the corporation would have rendered all action fruitless. It would have precipitated the threatened action of the president and secretary. To require the stockholders to make such request and await action thereon before procuring an injunction, would be to deny all remedy. Courts have frequently recognized this necessity. *Bound v. Wis. Cent. R. Co.* 45 Wis. 543, 566–7; *Whiting v. S. & F. du L. R. Co.* 25 id. 167; *Phillips v. Albany*, 28 id. 340; *Lawson v. Schnellen*, 33 id. 288, 294; *Brewer v. Boston Theatre*, 104 Mass. 378, 392. The facts show that the directors would have refused to proceed in the name of the corporation, or would, if they had so proceeded, have studied "how not to do it." In such case an immediate right of action vests in stockholders. Pomeroy's Eq. Jur. secs. 1094–5; *Leroy v. Rogers*, 3 Paige, 234; *Brewer v. Boston Theatre*, 104 Mass. 378, 387; *Peabody v. Flint*, 6 Allen, 52, 56; *Jones v. Johnson*, 10 Bush (Ky.), 649, 660; *Butts v. Wood*, 37 N. Y. 317; *Sears v. Hotchkiss*, 25 Conn. 171; *Goodin v. C. & W. Canal Co.* 18 Ohio St. 169; *Wilcox*

*v. Bickel,* 11 Neb. 154; *Brinckerhoff v. Bostwick,* 88 N. Y. 52. The objection is only that the plaintiffs have not legal capacity to sue; and that objection is waived by the failure to demur. See *Wood v. U. G. C. B. Ass'n,* 63 Wis. 9; *Manseau v. Mueller,* 45 id. 430–433; *Dutcher v. Dutcher,* 39 id. 651, 660–662; *Moir v. Dodson,* 14 id. 279–281; *State ex rel. Cornish v. Tuttle,* 53 id. 45, 52; *Plath v. Braunsdorff,* 40 id. 107, 110, 111; *Fulton F. Ins. Co. v. Baldwin,* 37 N. Y. 651; *Palmer v. Davis,* 28 id. 251; Bliss on Code Pl. secs. 407–9.

*John W. Cary,* for the respondents, argued, among other things, that the objection taken was in fact and substance a demurrer *ore tenus.* It must be treated as a general demurrer for insufficiency, and if on such demurrer the complaint would have been bad, the objection must be sustained. *Hays v. Lewis,* 17 Wis. 210; *Rothe v. Rothe,* 31 id. 570; *Potter v. Taggart,* 54 id. 395; *Grannis v. Hooker,* 29 id. 65. The objection must stand or fall upon the sufficiency of the complaint alone; no other part of the record can be referred to to support it. *Petit v. Hamlyn,* 43 Wis. 314; *Willard v. Comstock,* 58 id. 565; *Smith v. Janesville,* 52 id. 680; *Zægel v. Kuster,* 51 id. 31–41; *Powers v. Hamilton Paper Co.* 60 id. 23; *Magdeburg v. Uihlein,* 53 id. 165; *Lutheran Ev. Church v. Gristgau,* 34 id. 328. The cause of action attempted to be set out is an alleged fraud against the corporation, and must be prosecuted by the corporation, unless, after request by a stockholder, the corporation refuses to do so. The complaint does not show any such request or refusal, or state any facts from which a refusal could be inferred. See *Greaves v. Gouge,* 69 N. Y. 154; *Memphis City v. Dean,* 8 Wall. 73; *Dodge v. Woolsey,* 18 How. 345–6; *Cogswell v. Bull,* 39 Cal. 320; *Foss v. Harbottle,* 2 Hare, 461; *Mozley v. Alston,* 1 Phillips, 790; *Hersey v. Veazie,* 24 Me. 9; Thompson on Liability of Officers, etc., 382 *et seq.; Cook v. B. W. M. Co.* 43 Wis. 433–447; *Dousman v. W. & L. S. M. & S. Co.* 40 id. 418–422; *Hawes v. Oakland,* 104 U. S.

450; *Detroit v. Dean*, 106 id. 537; Angell & A. on Corp. 310, 311; *Robinson v. Smith*, 3 Paige, 221; *Bill v. W. U. Tel. Co.* 16 Fed. Rep. 14; *Dimpfell v. O. & M. R. Co.* 110 U. S. 209; *Button v. Hoffman*, 61 Wis. 20.

The following opinion was filed December 1, 1885:

COLE, C. J.    It has frequently been decided by this court that where an objection was taken on the trial to any evidence being received, on the ground that the complaint fails to state a cause of action, that this was in the nature of a demurrer *ore tenus;* and, upon such demurrer, as upon any other, the court must determine, from the facts stated, whether the complaint was sufficient in law.    The decisions upon this point are quite fully referred to in the brief of counsel for the defendants, and need not be cited here. True, it has been said that, where the objection to the sufficiency of the complaint was taken in this manner, a greater latitude of presumption would be indulged in to sustain the complaint than would be where the objection to it was taken in the ordinary way by demurrer; but this qualification of the rule relates to an imperfect statement of facts, and does not mean that the court will, on demurrer *ore tenus*, supply by presumption necessary averments or material facts which have been omitted from the complaint. The complaint must still bear the test, when all its facts are considered, of substantially stating a cause of action, otherwise it will be held bad.    It results from this view that the omission of material allegations in the complaint cannot be aided or helped out by matters stated in the answer.

The acute and able counsel for the plaintiffs insist that, inasmuch as the defendants did not formally demur in season, but answered, all the facts, whether stated in the complaint or answer, should be considered, in analogy to certain rules of practice which obtain in other cases.    But we think the complaint must stand or fall upon what, by a lib-

eral construction of its averments, it may be said to contain. Its allegations cannot be supplied, if defective, by matters in the answer.

This is an action brought by a part of the stockholders of the defendant corporation against the corporation and certain of its officers, directors, and stockholders to obtain certain relief. The objection taken to the complaint on the trial was that the action being for the protection of the property of the corporation, or of the corporate franchises, the right of action vested primarily in the corporation, and could be maintained by the stockholders only upon the refusal of the board of directors to prosecute, or when it appears that it will be useless to call upon the board to act. The learned trial judge on this subject followed the rule which has been laid down by courts of the highest authority, both in this country and in England. The able counsel for the defendants has cited in his brief many of these cases, and the number could readily be increased. These decisions are clear and pointed, fully establishing the doctrine that a stockholder has not the right to bring an action in his own name against officers of a corporation for fraudulent acts or waste of the corporate property, unless such corporation, or its officers, upon being applied to for such purpose by the stockholder, refuses to prosecute, or unless it appears that a request to prosecute would be useless. Prof. Pomeroy, in his work on Equity Jurisprudence, states the rule deducible from the authorities as follows: " In general, where the directors or officers, or some of them, cause a loss of corporate property, by negligence or culpable lack of prudence or failure to exercise their functions; or fraudulently misappropriate the corporate property in any manner, whether for their own benefit or for the benefit of third persons; or obtain any undue advantage, benefit, or profit for themselves, by contract, purchase, sale, or other dealings, under color of their official functions; or misuse

the franchises; or violate the rules established by the charter or the by-laws for their management of the corporate affairs; or in any other similar manner commit a breach of their fiduciary obligations towards the corporation, so that it sustains an injury or loss, and a liability devolves upon themselves,— then the corporation is the party which must, as the plaintiff, bring an equitable suit for relief against the wrong-doers. In cases belonging to this class, therefore, whatever be the nature of the particular wrong, whether intentional and fraudulent, or resulting from negligence or want of reasonable prudence, and whatever be the *indirect* loss occasioned to individual stockholders, no equitable suit for relief against the wrong-doing directors or officers can be maintained by a stockholder or stockholders, individually, nor by a stockholder suing representatively on behalf of all others similarly situated, *unless the special condition of circumstances exists* to be described in the next following paragraph,— namely, that the corporation either actually or virtually refuses to prosecute. Even if the stockholder alleges that the value of his own stock has been depreciated by the defendant's acts, or that he has sustained other special damage, he is not thereby entitled to maintain the suit." Sec. 1094.

This condensed statement quite fully embodies the result of the decisions on this question, therefore we deemed it best to give it at length. It supersedes the necessity of going into any analysis of the cases to which our attention was called on the argument. The rule above stated is too well established to be disregarded, and it only remains to inquire whether the facts set forth in the complaint bring the case within it.

There are many acts of fraud and misconduct alleged on the part of the president of the company. It is stated that he has and is about misappropriating the funds of the corporation in divers ways; that he acts as the purchasing

and general managing officer; buys property at one price and sells it to the corporation at a higher price; that he keeps no account of his transactions; makes false reports to the secretary of state as to the cost of the road and its present indebtedness; allows his son to convert fares received from passengers; that he uses cars for the transportation of his logs upon the road without paying freight, or only crediting the company with a nominal sum for freight; that he and the secretary are about to issue and negotiate $300,000 of fraudulent stock for the purpose of ousting the plaintiffs of their rights as stockholders, and to render the genuine stock of the company of little or no value by reason of such fraudulent and unauthorized over-issue. It seems to us plain that all these acts and breaches of duty are wrongs against the corporation; they show a wrongful dealing with and use of its property, and the corporation itself is directly injured by them. Consequently the corporation is primarily interested in seeking redress for them.

There is a further allegation that at an irregular meeting of the board of directors in October, 1883, of which meeting two of the directors had no notice and were not present, the members of the board present ordered $300,000 of the bonds of the company, running twenty years at eight per cent., to be issued, and a mortgage upon the road, its rolling-stock and franchises, to be executed to a trustee for the holders of such bonds; that by the resolution authorizing the issue of these bonds the money realized by their negotiation was to be used to build an extension of the road, but for no other purpose; that the president and secretary have executed these bonds and mortgage, and the president, without authority, has sold and hypothecated $115,000 of the same for rails and iron for the road already completed. The plaintiffs fear that the president and trustee are about to sell the balance of the bonds to innocent purchasers un-

less enjoined from so doing by the court. We do not under-
stand that it is the purpose of this suit to cancel the bonds
which have been hypothecated or sold. In respect to those
not negotiated, they still belong to the corporation, and if
about to be misappropriated by the president or trustee, the
corporation should bring a suit in its own name to prevent
it. True, the cases show that where the corporation refuses
to prosecute such a suit, then, in order to prevent a failure
of justice, an action may be brought and maintained by
stockholders. But, in that case, the complaint must show
that the managing body have refused, on request, to bring
an action for the benefit of the corporation, or set forth
such a state of facts "as renders it reasonably certain that
a suit by the corporation would be impossible, and a demand
therefor would be nugatory."

It is insisted by plaintiff's counsel that the facts stated in
the complaint show that the directors would have refused
to proceed in the name of the corporation, or would, if they
had so proceeded, have studied to make the suit fruitless of
results. We cannot, however, make that inference from
the matters in the complaint. It may well be that the
president has such influence over the board of directors
that he could control their action in the matter, but we
cannot presume that this would be the case. It is further
said by the same counsel that the objection is really that
the plaintiffs have not capacity to sue, and is therefore
waived by failure to demur by taking issue on the merits
upon the facts. The decisions do not sustain this position.
The rule seems to be where a stockholder brings an action
for the misappropriation of the funds and property by an
officer of the corporation that the complaint should allege
that the corporation, on being applied to, refused to prose-
cute, and this averment is said to constitute an essential
element of the cause of action. *Greaves v. Gouge,* 69 N.
Y. 154; *Memphis City v. Dean,* 8 Wall. 64; *Hawes v. Oak-*

*land,* 104 U. S. 450; *Detroit v. Dean,* 106 U. S. 537; *Dimpfell v. O. & M. R. Co.* 110 U. S. 209; *Brewer v. Boston Theatre,* 104 Mass. 379; *Cogswell v. Bull,* 39 Cal. 320; *Merchants & Planters Line v. Waganer,* 71 Ala. 582; Pomeroy's Eq. Jur. § 1095.

The case of *Dousman v. W. & L. S. M. & S. Co.* 40 Wis. 418, is distinguishable from this. There the wrong complained of was the act of the corporation itself, not the wrongs of individual officers. The right claimed was one denied by the corporation; therefore the stockholder had his remedy against the corporation. So in *Wood v. U. G. C. B. Ass'n,* 63 Wis. 9, the action was by a stockholder against the corporation to procure the cancellation of stock alleged to have been issued by its board of directors without lawful authority. The officers were not charged with any misappropriation of corporate funds for their own benefit, but were about to act or had acted beyond their powers in attempting to increase the capital stock. Where the corporation or its managing body is about to adopt a measure *ultra vires,* a suit may be maintained against it by a stockholder to prevent the unlawful act. "The theory of this class of suits is that a stockholder has a right that the operations of the corporation should be kept by the directors within the powers conferred by its charter." Pomeroy's Eq. Jur. § 1093.

It follows from these views that the judgment of the circuit court must be affirmed.

*By the Court.*— Judgment affirmed.

Upon a motion for a rehearing, counsel for the appellants cited further, to the point that an action for an injunction is an exception to the rule that actions to protect corporate property must be in the corporate name: *March v. Eastern R. Co.* 40 N. H. 548; *Wright v. Oroville M. Co.* 40 Cal. 20, 27; *Board, etc. of Tippecanoe Co. v. L., M. &*

*B. R. Co.* 50 Ind. 85, 102, 115; Field on Corporations, sec. 399; High on Injunctions, secs. 767–8; *Manderson v. Comm. Bank,* 28 Pa. St. 379; *Sears v. Hotchkiss,* 25 Conn. 171, 177–8; *French v. Gifford,* 30 Iowa, 148.

The motion was denied February 2, 1886.