PALMER, Respondent, vs. HAWES, imp., Appellant.

*November 10 — December 4, 1888.*

*Promissory notes: Corporations: Collateral security: Pledge of corporate stock of officer of corporation: Negligence: Depreciation: False representations.*

1. Where shares of stock in a corporation are pledged as collateral security to a note, the payee of which is a director and officer of such corporation, the negligence of the payee in the performance of his duties as such director and officer, whereby the stock depreciated or became worthless, is no defense to an action by him on the note. So *held* where the defense was sought to be interposed by one who indorsed the note at the time of its execution and who owned a part of the stock pledged.

2. In such action it was alleged that some months after the stock was so pledged the plaintiff had falsely represented to the indorser that the affairs and business of the corporation were in good condition, when in fact they were being so carelessly and wastefully managed by the plaintiff and the other officers that the stock was rapidly depreciating; that the indorser relied on such representations and was thereby lulled into inactivity and rest concerning her liability on the note when, but for such representations, she might have secured herself from loss. *Held*, that such facts did not constitute a defense.

APPEAL from the Circuit Court for *Rock* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

The complaint is, in effect, upon a promissory note bearing date January 20, 1886, made by the defendant Williamson, and indorsed at the same time by the appellant, *Cornelia J. Hawes*, for $7,000, due one year after date, with interest at eight per cent., and which note was duly presented for payment at the maturity thereof, but the same was not paid, and was thereupon protested for nonpayment, and the appellant duly notified thereof; that the plaintiff is the lawful owner and holder thereof, and has been ever since January 20, 1886; and that no part thereof has been paid, etc.

The appellant separately answered, and for a defense relies wholly upon that portion of the answer of which the following is the substance: That the note was given by Williamson in payment for capital stock in the Wisconsin Shoe Company, a corporation organized under the laws of this state, doing business in Janesville; that, at the time of such giving and indorsing the note, Williamson delivered to the plaintiff 100 shares of such stock, of the par value of $100 each, as collateral security to the said note; that, at the time of such indorsement, the appellant owned in her own right 180 shares of such stock, and has ever since; that the plaintiff holds thirty shares thereof as collateral security to said note; that said company was January 20, 1886, and for a long time prior thereto had been, engaged in the manufacture and sale of boots, shoes, etc., at Janesville; that the capital stock of said company was $80,000; that the plaintiff was a stockholder, director, and vice-president of said corporation, January 20, 1886, and for a long time prior thereto and since; that it was the duty of the plaintiff, as such director and officer, to superintend and supervise and manage the affairs of said company, and to

protect the interests of all the stockholders therein; that the appellant, in indorsing said note, relied upon said collateral security so furnished by Williamson to pay said note, and upon the plaintiff, as such director and officer, to see that said stock was maintained at a par value, so as to be ample security,— all of which was well known to the plaintiff; that the plaintiff, together with the other officers and directors of the company, so carelessly, negligently, and wrongfully managed, controlled, and supervised the affairs of the company that the stock was thereby depreciated in value until it is almost if not entirely worthless and has no market value whatever; that the stock and such security have thus become worthless and of no value through the negligence and carelessness of the plaintiff; that the plaintiff failed and wholly neglected to perform his duty as an officer of the company, to the great damage of the appellant and to the entire loss of the 100 shares of stock so held by him as collateral; that in July, 1886, the plaintiff falsely represented to the appellant that the company was doing a good business and its affairs were in a good condition; that at the same time such affairs were being managed in a careless, negligent, and wasteful manner by the plaintiff and the other officers thereof, and the stock was then being rapidly depreciated in value through such careless and negligent management; that the appellant relied upon such representations, and was thereby lulled into inactivity and rest concerning any liability on said note; that the appellant would have been able and would have secured herself against loss by reason of such indorsement, but for such false representations so made by the plaintiff; that from that time on the company continued to lose money, and the assets of said company continued to be lost through the carelessness and negligence of the plaintiff, until said stock became almost if not entirely worthless; that if the plaintiff had managed the affairs of

the company in a careful and prudent manner the 100 shares so held by him from Williamson would more than have paid said note, and there would have been no necessity to resort to the thirty shares from the appellant; but, as it is, she has lost said thirty shares.

To such defense the plaintiff demurred on the ground that the facts stated were insufficient to constitute a defense. There were other grounds of demurrer, and to other portions of the answer, but none of them were relied upon on this appeal. The court sustained the demurrer, with leave to the appellant to amend her answer within twenty days, on payment of $10 costs. From that order *Mrs. Hawes* appeals.

For the appellant there was a brief by *Fethers, Jeffris & Fifield,* and oral argument by *M. G. Jeffris.* They contended, *inter alia,* that it was a good defense that the collateral security became worthless through the negligence of the plaintiff. *Plant's Mfg. Co. v. Falvey,* 20 Wis. 200; *Charter Oak L. Ins. Co. v. Smith,* 43 id. 329; *Marschuetz v. Wright,* 50 id. 175; *Cullum v. Emanuel,* 1 Ala. 23; *Hurd v. Spencer,* 40 Vt. 581; *Strange v. Fooks,* 9 Jur. (N. S.), 943. The false representations made by the plaintiff operated as a discharge of the surety. *Baker v. Briggs,* 8 Pick. 122; *Carpenter v. King,* 9 Met. 511; *Harris v. Brooks,* 21 Pick. 195.

For the respondent there was a brief by *George Sutherland,* attorney, and *Winans & Hyzer,* of counsel, and oral argument by *John Winans.*

CASSODAY, J. It is alleged in the answer that the note was given to the plaintiff in payment for capital stock of the company, which was of par value at the time. Since it was indorsed by the appellant before it was so delivered to the plaintiff, there could be no question but what the indorsement was based upon a good and valuable consideration

paid at the time. It is alleged in the answer that the plaintiff took the 100 shares of such stock from the maker and the thirty shares from the appellant, to hold as collateral security to the note. As such custodian of such stock, the plaintiff undoubtedly owed several duties to the appellant. He was required to safely guard such custody. There is no pretense that he did not. The only other thing he could do, apparently, was to sell the stock and apply the proceeds thereof in payment on the note. But no request nor agreement to that effect is alleged. Without such request or agreement the plaintiff was under no obligation to sell. *Harris v. Newell*, 42 Wis. 690 *et seq.; Gardner v. Van Norstrand*, 13 Wis. 543; *O'Neill v. Whigham*, 87 Pa. St. 394; *Monroe Co. v. Otis*, 62 N. Y. 89; Cook on Stocks, § 476. The mere decline in the value of the stock while so being held by the plaintiff is no ground of defense. *Ibid.*

It is alleged, in effect, that some six months after the plaintiff obtained such stock he falsely represented to the appellant that the affairs and business of the company were in good condition, whereby she was lulled into inactivity and rest concerning her liability on the note. But that is no ground for defending against the note, nor of any action against the plaintiff, since the appellant parted with nothing on the faith of such representations.

But the ground most relied upon as a defense is the alleged carelessness and negligence of the plaintiff as a director and officer of the corporation which issued such stock so held as collateral, whereby the same became substantially worthless. There are cases where general allegations of carelessness and negligence in the performance or nonperformance of some specific act have been held good on demurrer. *Young v. Lynch*, 66 Wis. 514. But it is very doubtful whether such general allegations, without reference to any specific act, as here, constitute actionable negligence. *Cahill v. Layton*, 57 Wis. 614; *Pratt v. Lincoln Co.* 61 Wis.

66; *Williams v. Williams*, 63 Wis. 72; *Stone v. Oconomowoc*, 71 Wis. 159; *Brown v. Phillips*, 71 Wis. 254. Assuming, for the purposes of this case, however, that the allegations of carelessness and negligence, though general, are nevertheless in that respect sufficient, still we are unable to hold that they are available to the appellant as a defense in this action. The difficulty with such defense is in attempting to hold such director and officer responsible for such alleged misconduct directly to an individual stockholder. While the careless and negligent conduct of directors and officers of a private corporation may injuriously affect the respective stockholders, yet they are primarily answerable for such conduct to, through, or on behalf of such corporation, and not directly to an individual stockholder. Thus it has been held by this court, upon careful deliberation, that a stockholder of such corporation cannot maintain an action in his own name against the officers thereof for the fraudulent act or waste of the corporate property, unless the corporation or its officers, upon being requested, refuse to prosecute such action, or unless it appears that such a request would be useless. *Doud v. W., P. & S. R. Co.* 65 Wis. 108. An averment of such requisites is essential to the pleading; otherwise it is bad on demurrer. *Ibid.* The authorities in support of such ruling are numerous. *Hersey v. Veazie*, 24 Me. 9, 41 Am. Dec. 364; *Smith v. Hurd*, 12 Met. 371, 46 Am. Dec. 690; *Hodges v. New England Screw Co.* 1 R. I. 312, 53 Am. Dec. 624; *Brown v. Vandyke*, 8 N. J. Eq. 795, 55 Am. Dec. 250; *Greaves v. Gouge*, 69 N. Y. 154; *Hawes v. Oakland*, 104 U. S. 450; *Conway v. Halsey*, 44 N. J. Law, 462; *Abbott v. Merriam*, 8 Cush. 588. While such stockholder has an indirect remedy for such official misconduct by, through, or against the corporation, in behalf of all stockholders, yet he has no right of personal action for damages on account thereof against such individual director or officer, notwithstanding such conduct may have had

the effect of depreciating the value of his stock. *Smith v. Hurd, supra; Conway v. Halsey, supra.* The reasons for such rulings are obvious. Such directors and officers are the trustees and agents of the corporation, and not in legal privity with the respective stockholders. Such misconduct primarily concerns and affects the corporation; and although a stockholder may be indirectly affected in the manner indicated, yet it necessarily affects all stockholders alike, and is therefore a matter in which all are equally concerned.

For these and other reasons which might be given we are forced to the conclusion that the answer fails to state facts sufficient to constitute a defense.

*By the Court.* — The order of the circuit court is affirmed.