Cunningham vs. Wechselberg and others.

CUNNINGHAM, Respondent, vs. WECHSELBERG and others, imp., Appellants.

*December 22, 1899 — January 9, 1900.*

*Action by stockholder against corporate officers: Fraud: Practice: Exclusive action.*

1. In an action against the directors of an insolvent corporation for fraudulent misappropriation and loss of its funds, the mere fact that plaintiff is suing as a stockholder is no reason why the action cannot be maintained.

2. Where the affairs of an insolvent corporation are in the hands of the court in a winding-up proceeding, no stockholder can maintain an independent action to enforce rights of the corporation against defaulting officials, until the court has refused to direct the receiver to take proper steps in that regard.

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

For the appellants there was a brief by *Fish, Cary, Upham & Black* and *W. J. & J. H. Turner,* and oral argument by *A. L. Cary.*

For the respondent the cause was submitted on the brief of *Joseph B. Doe.*

BARDEEN, J.   The plaintiff is a stockholder in the Home Building & Loan Association of Milwaukee.   He brings this action in behalf of himself and all others similarly situated against the defendants as officers and directors of said association, and alleges that through their carelessness, negligence, and inattention to duty, the funds of the association have been lost, squandered, and embezzled to the amount of about $100,000, so that it has become entirely insolvent, has ceased to be a going concern, and that its affairs are now in the hands of a receiver appointed by the court to take charge of its property and assets and wind up its business.   No question is raised, if the plaintiff is entitled to maintain this action, that the complaint does not otherwise state sufficient facts to constitute a cause of action.   A demurrer was interposed by the defendants, which challenges the right of the plaintiff to maintain this action upon the facts stated, which was overruled, and they have appealed.

The point first raised is that the plaintiff is not a "creditor" of the corporation, and therefore cannot maintain this action.   It is true that he is not a creditor in the sense that word is used in the statutes.   He is nothing more or less than a stockholder entitled to share in the residue of corporate assets after the claims of actual creditors, if it has any, have been paid.   *Leahy v. Nat. B. & L. Asso.* 100 Wis. 555. The right of a stockholder to maintain this action does not depend upon any statutory enactment.   In *Gores v. Day,* 99 Wis. 276, this court said: "The liability of the directors of the corporation to account, under such circumstances, is not statutory, so the complaint does not come under sec. 3223, R. S. 1878, authorizing a creditor to bring an action to enforce such liability.   Directors are liable to be charged as trustees of property fraudulently misapplied or wasted by them, independent of any statute on the subject; but the duty of enforcing such liability is in the managing officers of the corporation, though it may be performed by stock-

holders or creditors, or possibly the assignee or successor to the corporation, when the circumstances are such as to make that necessary, independent of any statute on the subject." So the mere fact that plaintiff is suing as a stockholder is no reason why this action cannot be maintained.

Another objection to the complaint is that the rights sought to be redressed are the rights of the corporation, and that a stockholder cannot maintain an action to enforce them, except under conditions which are not made to appear in the complaint. There can be no doubt about the proposition that a stockholder has no right to bring an action in his own name against the officers of a corporation for fraudulent or negligent acts, or waste of the corporate property, unless such corporation or its officers, upon being applied to for such purpose by the stockholder, refuses to prosecute, or unless it appears that a request to prosecute would be useless. *Doud v. W., P. & S. R. Co.* 65 Wis. 108; *Land, L. & L. Co. v. McIntyre,* 100 Wis. 245, and cases cited. The complaint in this action contains no allegation of a request and refusal of corporate authorities to act. If there was no other objection to the right to maintain this action, we should not hesitate to say that under the facts stated it amply appears that such a request to prosecute would be useless. As we understand it, complaint is made against the entire governing body of the corporation, and, in view of the acts of misfeasance and nonfeasance alleged, it would be an idle ceremony to petition the defendants to prosecute themselves.

But, be that as it may, there are other allegations in the complaint which are deemed fatal to the right of the plaintiff to maintain this action. It appears by the complaint that in July, 1897, an action was begun in the circuit court for Milwaukee county, in which action the insolvency of the association was alleged, and the relief sought was that the officers be restrained from exercising their official func-

tions, and the corporation from exercising its corporate powers, and that a receiver be appointed to take charge of its property and affairs and wind up its business; that a receiver was duly appointed to, and did, take charge of its property and assets, and is still acting as such; and that such suit is still pending. By the showing thus made it appears that there is a suit now pending to wind up the business of the association, and that a receiver has been appointed to take charge of its assets, and presumably is invested with the powers necessary to close up all its corporate affairs. The statute (sec. 3219, Stats. 1898) says, in effect, that the court may appoint a receiver to take charge of the property and effects of such corporation, to collect, sue for, and recover the debts and demands that may be due and the property that may belong to such corporation, and to possess in all respects the authority of receivers in other cases, subject to control of the court. The receiver, under direction of the court, becomes invested with the rights and privileges of the corporation as to the control of its assets and rights of action. The court, in its discretion, may direct claims in favor of the corporation to be sued for by the receiver, or compromised, or settled, or otherwise disposed of, as shall seem best for those interested in the estate. *Porter v. Sabin*, 149 U. S. 473. In a recent case this court made use of the following language: "It was supposed that *Hurlbut v. Marshall*, 62 Wis. 590, determined for all time in this court, and for all courts of this state having to do with the subject, that but one winding-up suit to settle the affairs of a corporation is proper, and that in such suit all the rights and all the liabilities of creditors, officers, and stockholders are to be worked out." *Gager v. Marsden*, 101 Wis. 598; *Gager v. Bank of Edgerton*, 101 Wis. 593; *Foster v. Posson, ante*, p. 99. The *Bank of Edgerton Case* involved the precise question at issue here, and that, with the other cases cited, is decisive against the right of the plaintiff to maintain this

action under the allegations of the complaint. The affairs of the association being in the hands of the court in a winding-up proceeding, the plaintiff, as a stockholder interested in the assets, would have an undoubted right to petition the court to direct the receiver to take proper steps to collect from the defendants the value of any money or property lost to the corporation by their neglect or malfeasance. Until the court has been appealed to in this regard, no stockholder can maintain an independent action to enforce rights of the corporation against defaulting officials. The cases above referred to have so fully covered the questions here involved that any further discussion is not deemed necessary.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded with directions to sustain the demurrer and for further proceedings according to law.