Egaard and another vs. Dahlke and another.

EGAARD and another, Appellants, vs. DAHLKE and another, imp., Respondents.

*February 8 — February 26, 1901.*

(1-3) *Judgment: Failure to dispose of entire controversy: Signature by clerk: Appeal: Demurrer sustained on inconsistent grounds. (4) School districts: Illegal purchase of site: Taxpayers' action: Pleading: Joinder of causes of action: Remedy at law: Demand, when necessary.*

1. A judgment in favor of two defendants whose separate demurrer to the complaint had been sustained, which leaves undetermined the rights of the plaintiff as against other defendants, is error and prejudicial to the plaintiff. Under the Code there can be but a single final judgment, except as a contrary practice is expressly authorized by sec. 2883, Stats. 1898, providing that the court may render a separate judgment *against* one or more of several defendants whenever a several judgment may be proper.

2. The signature of the clerk to a judgment "by the court" is merely his certificate that it was entered by the court. An appeal therefrom is therefore not an appeal from the action of the clerk.

3. Where the trial court sustains a demurrer on two inconsistent grounds its action in the premises must stand if the pleading is vulnerable to either objection.

4. In an action brought by taxpayers against a school district and others, the complaint alleged that the school board had, for a valuable consideration, unlawfully and with a fraudulent purpose entertained by both the board and other defendants, purchased from the latter certain land for a school-house site; and a part of the relief demanded was a rescission of the purchase and the return to the school district treasury of the consideration paid therefor. *Held:*

(1) The assertion of a valuable consideration was a sufficient allegation that moneys of the district had passed to the vendors in pursuance of the unlawful and fraudulent purpose entertained by them.

(2) The facts stated would warrant equitable relief against said vendors, especially in view of the adverse attitude of the school board, which renders necessary a suit in equity by taxpayers, instead of a direct action at law by the district to recover the money paid.

Egaard and another vs. Dahlke and another.

(3) There was no misjoinder of causes of action, although a contract between the board and another defendant for the erection of a school-house on said site was alleged, and an injunction restraining all further proceedings was prayed for.

(4) The fact that all the officers of the district were participants in the wrong complained of, rendered unnecessary any prior demand upon the district to proceed for the relief sought.

APPEAL from a judgment of the circuit court for St. Croix county: E. W. HELMS, Circuit Judge. *Reversed.*

This action was brought by the plaintiffs, as taxpayers, on behalf of themselves and others, against School District No. 5 of the Town of St. Joseph, in St. Croix county, the individual members of the town board as such, and against Peter Kircher, *Michael Dahlke*, and *Mary Dahlke.* The complaint alleged that on January 3d the district meeting designated a site for a school-house at the center of section 6, and authorized the purchase of the land and building a school-house there; that, in defiance of this instruction, the defendants *Michael Dahlke* and *Mary Dahlke* with full knowledge unlawfully sold to the board, for a valuable consideration, a parcel of land in section 5, about half a mile distant, for the purpose of defrauding the taxpayers of the district and defeating the will of the legal voters; that the district board had entered into contract with the defendant Kircher for the building of a school-house on such unlawful site, and that he was proceeding thereto. The relief demanded was the enjoining of all further proceedings, and the rescinding and cancellation of the purchase from the *Dahlkes*, and return to the district of the consideration paid therefor. *Michael Dahlke* was one of the district board, to wit, the treasurer, and was joined as defendant in that capacity as well as personally.

The district and the district board answered, the defendant Kircher defaulted, and *Michael* and *Mary Dahlke*, in their personal capacity, demurred on the ground that the

complaint fails to state a cause of action, and for misjoinder of causes of action. Their demurrer was sustained on June 26, 1900. On October 2, 1900, judgment was entered upon stipulation against the defendant school district and in favor of the plaintiffs for costs. On October 20, 1900, the defendants *Michael* and *Mary Dahlke* moved for judgment in their favor on notice and application showing that no amendment of the complaint had been made, and accordingly judgment was entered in favor of such defendants and against the plaintiffs for $37 costs, but making no reference to any of the other defendants, to wit, the three members of the school board and the defendant Kircher. From that judgment the plaintiffs appeal.

*A. J. Kinney*, for the appellants.

For the respondents there was a brief by *Baker & Haven*, and oral argument by *Spencer Haven*.

DODGE, J. Two grounds of error are assigned on this appeal: (1) that the judgment is irregular and erroneous, in that it does not dispose of the whole action; (2) that the demurrer was erroneously sustained.

1. The judgment appealed from cannot be sustained upon any theory. It adjudicates only with reference to the two defendants *Michael* and *Mary Dahlke* in their individual capacity, and leaves unadjudicated the controversy between the plaintiffs and all of the other defendants except the school district, against which separate judgment had already been rendered. It matters not whether the previous judgment in favor of the plaintiffs and against the defendant school district was proper or improper, the fact still remains that there are numerous other defendants whose rights must be disposed of in order to finally determine this action. The practice under our Code contemplates and permits but a single judgment in an action. *Trustees of St. Clara F. Academy v. Delaware Ins. Co.* 93 Wis. 57; *Hyde v.*

*German Nat. Bank*, 96 Wis. 406; *Allen v. Boberg*, 108 Wis. 282. This rule is general and universal, except as contrary practice is expressly authorized by sec. 2883, Stats. 1898. That statute permits no separate judgment in favor of individual defendants. It provides: "In an action against several defendants the court may, in its discretion, render judgment *against* one or more of them, leaving the action to proceed against the others whenever a several judgment may be proper." The judgment appealed from is not *against*, but *in favor* of, certain defendants, and therefore does not come within the statutory permission to vary from the general rule above stated. No judgment awarding these defendants the relief which this accords could properly have been entered until the rights as between plaintiffs and all the other defendants had been ascertained, so that a single judgment could have passed thereon and finally determined the action.

This error is not, as respondent urges, without prejudice to the plaintiffs, for it leaves the case in a situation where their further procedure is certainly embarrassed, if not obstructed. There being no power or authority in the court to render more than one judgment, save as permitted by the statutes above mentioned, it is difficult to see how the plaintiffs could proceed to secure an adjudication upon their claims against the other defendants without first eliminating this judgment from the record, either by application to the trial court or by appeal.

Neither is there force to the respondents' contention that this is an appeal from the action of the clerk. The judgment appearing in the record is "by the court." Its signature by the clerk is merely his certificate that by the court it was entered. Ostensibly, it is a final adjudication by the court, and must be recognized as such wherever presented.

2. The question of the sufficiency of the complaint is raised, and we have deemed it best to express an opinion thereon,

although apparently the whole object of this litigation has ceased, so that courts ought not to be burdened further with it.    In this connection we would suggest to the trial court that, if the litigation be further persisted in unnecessarily by either party, disapproval thereof might be evinced in the exercise of the trial court's statutory discretion over the allowance of costs.

The grounds of demurrer are that the plaintiffs fail to state a cause of action as against these two defendants, and that there is a misjoinder of causes of action.    The court below sustained the demurrer on both grounds, wherein, as appellants' attorney points out, there is a very obvious inconsistency.    If no cause of action is stated as against these defendants, it is difficult to perceive how the attempt to do so can have constituted a misjoinder of causes of action. However that may be, doubtless the order sustaining the demurrer must stand, if the complaint is vulnerable to either objection.

The cause of action presented by the complaint in this suit is an equitable one to prevent the unlawful acquisition of site and erection of school-house at a place not authorized by the electors of the school district, and in order to accomplish that purpose, and to prevent depletion of the fund appropriated by those electors for a school-house site and building elsewhere, to undo any unlawful act or acts performed in the course of that unlawful purpose.    It is alleged that in the course of that unlawful scheme the school board have unlawfully, and with a fraudulent purpose, entertained both by them and by these respondents, purchased from the latter certain real estate for a valuable consideration, and a part of the relief demanded is the rescission of that conveyance, and the return to the school district treasury of the valuable consideration so paid.    Under the liberal rules of construction accorded pleadings upon demurrer thereto, the assertion of a valuable consideration we deem

a sufficient allegation that moneys of the district have passed
to the respondents in pursuance of the unlawful and fraud-
ulent purpose entertained by them. If uncertain, the rem-
edy was by motion to make more definite; not by demurrer.
Thus construed, the complaint states facts warranting some
part, at least, of the equitable relief demanded against these
respondents, and that relief is an entirely natural incident
to the general purpose of the action as above outlined, even
though it might have been possible for the district, by a di-
rect suit at law, to recover back any consideration unlaw-
fully paid, especially so where, as here, the suit is necessa-
rily brought in equity by a taxpayer by reason of the adverse
attitude of all of the district officers. *Willard v. Comstock*, 58
Wis. 565; *Land, L. & L. Co. v. McIntyre*, 100 Wis. 245;
*Webster v. Douglas Co.* 102 Wis. 181, 189; *Douglas Co. v.
Walbridge*, 38 Wis. 179; *Zinc Carbonate Co. v. First Nat.
Bank*, 103 Wis. 125, 139.

The last consideration also disposes of respondents' con-
tention that the complaint fails to allege any demand upon
the district to proceed for the relief sought. The fact is
alleged that all of the district officers are participant in the
wrong complained of, from which the futility of any demand
must be apparent. *Doud v. W., P. & S. R. Co.* 65 Wis. 108;
*Cunningham v. Wechselberg*, 105 Wis. 359, 361.

We conclude, therefore, that the complaint states a single
cause of action in equity, of which the rescission of the pur-
chase of an unlawful site from the respondents and recovery
back of the consideration paid therefor is a proper part,
and that the respondents' demurrer should have been over-
ruled.

*By the Court.*— Judgment reversed, and cause remanded
for further proceedings according to law.