DONNELLY, Respondent, vs. SAMPSON and another, Appellants.

*March 31—April 17, 1908.*

*Corporations: Misconduct of officers: Wrongs to corporation: Stockholder's action: When previous demand unnecessary: Discretion of trial court.*

1. In case of a wrong to a corporation, remediable only by judicial interference, and the persons possessing the primary right as its officers to move in that regard fail upon demand being made by a stockholder to do so, or without such demand in case the

circumstances are such as to indicate that the same would be useless, any stockholder may sue on behalf of all the stockholders to protect the corporate rights, making the wrongdoer and the corporation parties defendant.

2. Whether or not a case falls within the principle stated must be determined by its own peculiar facts. The trial court has considerable discretion in the matter; and its determination that a suit is proper, within the principles justifying its equitable jurisdiction, will not be reversed on appeal unless it clearly appears to be erroneous.

3. In a stockholder's action against the corporation and its president to vindicate the corporation's right to certain real estate, the complaint alleged that there had been no meeting of the stockholders or of the directors for many years; that the directors had not for a long time paid any attention to the corporate affairs; that they left the president in full control; that the secretary, a large stockholder, had full knowledge of the president's misdeeds, acquiesced therein, and was so hostile to stockholders like plaintiff that he suppressed information of the names of other officers of the corporation; that the president suffered and procured real estate of the corporation to be sold for taxes, and by mesne conveyances acquired the tax titles for himself; that a request on the corporation to bring an action to redress the wrong would warn the president and stimulate him to pass the wrongfully acquired titles to innocent parties; that a request was made on the secretary to have an action brought in the name of the corporation, which was refused. *Held*, that the trial court, in overruling a demurrer to the complaint, had reasonable grounds to conclude that efficient demand on the corporation to bring an action was impracticable, if not impossible.

APPEAL from a judgment of the circuit court for Florence county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

Stockholder's action against the defendant corporation and its president to vindicate the corporation's right to certain real estate claimed to have been wrongfully diverted to the use of such president.

The following is the substance of the complaint, omitting formal allegations as regards the status of the plaintiff and of the defendant, such allegations being confessedly sufficient: Since prior to May 16, 1903, the corporation has been the

owner of lands in Florence county, Wisconsin, described as follows: (The particular descriptions we omit.) It has not held any meetings either of stockholders or directors for many years, the entire business having been left wholly under the control of the defendant *Sampson,* its president. During such time such president has suffered the corporate real estate mentioned to be sold for taxes and suffered and procured deeds thereof to be issued to divers persons (naming the grantee as to each tract of land) with intent to procure the title under such tax deeds to be vested in himself and has procured conveyances from such persons accordingly. All of said tax deeds and conveyances from the grantees therein have been duly recorded. Said tax titles are clouds on the title of the corporation to said lands. Plaintiff has been unable with due diligence to induce the corporation to commence an action to right the wrong aforesaid. He applied to the secretary of the corporation, who owns a large amount of its capital stock, for information as to who are its officers and directors and was refused such information. The corporation has for several years failed to comply with the law as regards filing with the secretary of state of the state of Wisconsin a statement as to its business and officers. Plaintiff cannot request the corporation to bring an action to remedy the wrong aforesaid *without* the president becoming informed of the danger of his being called to account in court for his misdeeds, in which case, plaintiff believes, he would before the court could act efficiently in the matter place the tax titles beyond its reach. December 16, 1906, plaintiff requested the secretary to have this action brought in the name of the corporation, which was refused.

The defendants demurred to the complaint for insufficiency of facts to constitute a cause of action and for other reasons. The demurrer was overruled.

*A. W. Shelton,* for the appellants.

*W. B. Quinlan,* for the respondent.

MARSHALL, J. This case is ruled by the familiar principle that in case of a wrong to a corporation, remediable only by judicial interference, and the persons possessing the primary right as its officers to move in that regard fail upon demand or request being made by a stockholder, or stockholders, to do so, or without such request or demand in case of the circumstances being such as to indicate that the same would be useless, any one or more of them may on behalf of all sue to protect the corporate rights, making the wrongdoer, or doers, and the corporation parties defendant. *Doud v. Wis., P. & S. R. Co.* 65 Wis. 108, 25 N. W. 533; *Cunningham v. Wechselberg,* 105 Wis. 359, 81 N. W. 414; *Egaard v. Dahlke,* 109 Wis. 366, 85 N. W. 369; *Northern T. Co. v. Snyder,* 113 Wis. 516, 89 N. W. 460; *Kircher v. Pederson,* 117 Wis. 68, 93 N. W. 813.

Whether any case falls within the principle stated or not must be determined by its own peculiar circumstances. In that regard there is no absolutely certain test. The trial court has considerable discretion in the matter. In case of its deciding that the situation is proper, within the principle stated, for the exercise of its equity jurisdiction upon the ground that the facts alleged fairly satisfy the calls of the rule, the determination cannot properly be reversed upon appeal unless it clearly appears that such decision is wrong.

In this case it cannot be well questioned but that a serious wrong to the corporation requiring judicial interference to remedy it is charged. The allegations to the effect that the president had full control of all the corporate affairs and suffered and procured its real estate to be sold for taxes and the tax titles based thereon through mesne conveyances to be vested in himself, amply shows, with or without that reasonable intendment which must be considered in favor of a pleading, that he needlessly and fraudulently allowed the taxes upon the lands to go unpaid, having in view a purpose of divesting the corporation of its land and acquiring the

same for his personal use. The charge that for many years he has been permitted to so handle the corporate affairs in a purely personal way, sufficiently shows that he so dominated its affairs that a demand upon him, as its executive officer, or upon its board of directors, to institute an action to remedy the wrong complained of would not only be useless, but, as alleged, would rather efficiently stimulate him to pass the wrongfully acquired titles on to some innocent party, or parties, and beyond the reach of the court.

On the whole, it is considered that the facts alleged fairly satisfy the test laid down in *Northern T. Co. v. Snyder, supra.* In that case it was said in regard to the essential status of a stockholder to enable him to bring such an action as this:

"In order that the situation in that regard may be complete to the satisfaction of equity, it is necessary to show that such persons [the corporate officers] will not perform their duty. That may be done in either of two ways: By showing that they have neglected or refused to proceed after being requested so to do by some person or persons whose requests in that regard should be honored; or by showing, expressly or by necessary inference, that they are so concerned in the wrong to be redressed, and hostile to any vindication or attempt to vindicate the corporate rights, that it is reasonably certain that a request to them to proceed to that end by judicial remedies would be unavailing. Observations may be found in some legal opinions tending to convey the idea that a demand upon the proper corporate officers to enforce a corporate right of action, and their refusal so to do, regardless of circumstances, is a condition precedent to the right of a member of a corporation to stand in their place and do their duty. Such is not the law. If it appears, reasonably, by all the allegations of the complaint, in a suit instituted by a member of a corporation in its right, that those persons in whom the duty and the primary right rests to represent it will not perform that duty, from any cause, a case is thereby presented, subject to proof, entitling an interested person . . . to protect his right and that of all others similarly

situated, by suing in his and their behalf, and presenting to a court for adjudication the cause of action of the corporation."

We have treated the case from the viewpoint most favorable to appellants, viz.: that the complaint does not state facts sufficient to show that any fair attempt was made to demand or request the corporation to commence an action to remedy the wrong complained of. Reliance is placed by appellants' counsel on *Doud v. Wis., P. & S. R. Co.* 65 Wis. 108, 25 N. W. 533, but neither the decision there nor anything said in the opinion is necessarily controlling here. The trial court in that case refused to exercise its jurisdiction, holding that the facts alleged did not sufficiently excuse demand upon the corporation to commence judicial proceedings to protect its interest, and the decision was sustained on appeal. That does not make a judicial rule necessarily requiring, in just such a case, reversal of a trial court's decision sustaining the action. It may well be that under the facts the discretion of the court was broad enough to enable it to take or refuse jurisdiction free from appellate interference. It was there said, and counsel for appellants now point thereto with confidence:

"It is insisted by plaintiff's counsel that the facts stated in the complaint show that the directors would have refused to proceed in the name of the corporation, or would, if they had so proceeded, have studied to make the suit fruitless of results. We cannot, however, make that inference from the matters in the complaint. It may well be that the president had such influence over the board of directors that he would control their action in the matter, but we cannot presume that this would be the case."

Here, as appears, the board of directors did not for many years pay any attention to the corporate affairs; that they left the president in full control of everything as if he were the only one interested, and that the secretary, who was himself a large stockholder, had full knowledge of the presi-

dent's misdeeds, was agreeable thereto, and so hostile to stockholders circumstanced as plaintiff was that he suppressed from them knowledge of the names of other officers of the corporation. Under those circumstances it seems that the trial court had reasonable ground at least to conclude that an efficient demand upon the corporation to appeal to the court against its president was impracticable, if not impossible.

*By the Court.*—The judgment is affirmed.