WHITCOMB, Respondent, vs. ALBANY HARDWARE SPE-
CIALTY MANUFACTURING COMPANY and another, Ap-
pellants.

*February 15—March 14, 1944.*

For the appellants there was a brief by *Ela, Christianson & Ela* of Madison, and oral argument by *E. Burgess Ela*. *J. M. Fitzgibbons* of Monroe, for the respondent.

BARLOW, J.   Whether plaintiff has legal capacity to sue depends upon the familiar principle "that in case of a wrong to a corporation, remediable only by judicial interference, and the persons possessing the primary right as its officers to move in that regard fail upon demand or request being made by a stockholder, or stockholders, to do so, or without such request or demand in case of the circumstances being such as to indicate that the same would be useless, any one or more of them may on behalf of all sue to protect the corporate rights, making the wrongdoer, or doers, and the corporation parties defendant." *Donnelly v. Sampson* (1908), 135 Wis. 368, 371, 115 N. W. 1089; *Doud v. Wisconsin, Pittsville & Superior R. Co.* 65 Wis. 108, 25 N. W. 533; *Cunningham v. Wechselberg*, 105 Wis. 359, 81 N. W. 414; *Egaard v. Dahlke*, 109 Wis. 366, 85 N. W. 369; *Northern Trust Co. v. Snyder*, 113 Wis. 516, 89 N. W. 460; *Kircher v. Pederson*, 117 Wis. 68, 93 N. W. 813.

Defendants contend that, plaintiff having made no demand upon the corporation to bring this action, the allegations are insufficient to bring her within the exception.   In *Donnelly v. Sampson, supra,* this court said :

"Whether any case falls within the principle stated or not must be determined by its own peculiar circumstances.   In that regard there is no absolutely certain test.   The trial court has considerable discretion in the matter.   In case of its deciding that the situation is proper, within the principle stated, for the exercise of its equity jurisdiction upon the ground that the facts alleged fairly satisfy the calls of the rule, the determination cannot properly be reversed upon appeal unless it clearly appears that such decision is wrong."

While the complaint is more or less vague and fails to set forth facts which may well be included in a complaint, we must

give its allegations a liberal construction, as we are bound to do on demurrer, and give them the reasonable inferences that may be drawn from the facts alleged. We note that Anna R. Whitcomb is a director and secretary of the corporation and the inference is that she is the same party as the party plaintiff in this action. It is alleged in the complaint that she made demands on the defendant John Wood to correct the alleged improper conduct on his part, which he has refused to do, and after charging him with improper control of the election of officers he is charged with refusing to permit the officers to exercise any control, management, or authority over the operation of the corporation. If the plaintiff is a member of the board of directors it is reasonable to assume that she has brought this matter to the attention of the directors without success and it would therefore be useless to make a further formal demand. The learned trial judge decided that the situation is proper, within the principle stated, for the exercise of equity jurisdiction, and it is considered that it does not clearly appear that such decision is wrong.

Whether the complaint states a cause of action depends upon the interpretation placed upon the language of the complaint. Defendants contend that where allegations of the complaint charge defendant John Wood with using funds and credit of the corporation to purchase personal items for himself and others and the records of the corporation do not show a reimbursement of such funds, they do not constitute allegations that the corporation was not reimbursed or that it suffered any loss thereby. We cannot agree with this contention. It is alleged that the defendant charged personal expenses through expense accounts of the corporation under accounts designated as "Sundries," "Supplies," and "Expenses," and that as a result of incorrect records the true financial condition of the corporation cannot be ascertained, and that in various years the incorrect records revealed a deficit when actually a net earning should have been indicated.

If the defendant used funds of the corporation for improper purposes it was necessary to show the disbursement of the funds in order to have the cash balance, and it would naturally follow that if funds were returned or a reimbursement made to the corporation, the records would have to show the receipt of these funds in order to disclose its true cash position. Under the rule of construction given to allegations of the complaint by this court, the complaint states a cause of action.

*By the Court.*—Order affirmed.