ROSE, Respondent, v. SCHANTZ and another, Appellants.

*No. 215. Argued October 5, 1972.—Decided October 31, 1972.*
(Also reported in 201 N. W. 2d 593.)

224

For the appellants there was a brief and oral argument by *Erwin E. Nemmers* of Chicago, Illinois.

For the respondent there was a brief by *Walther & Halling* and *Herbert Morse,* attorneys, and *David L. Walther* and *F. M. Van Hecke* of counsel, all of Milwaukee, and oral argument by *David L. Walther.*

ROBERT W. HANSEN, J. The demurrer here challenged: (1) The derivative cause of action; (2) the direct stockholder action; and (3) the joinder of causes of actions and parties. Each involves a separate area of inquiry, and will be so approached.

*Derivative action.*

We deal here with the statutory restrictions surrounding the bringing of stockholders' derivative actions.[1] Particularly, we deal with sec. 180.405 (1) (b), Stats., requiring in any such action that:

"(1) No action may be instituted or maintained in the right of any domestic or foreign corporation by the holder or holders of shares or of voting trust certificates representing shares of such corporation unless:

"(b) The plaintiff alleges in the complaint with particularity his efforts to secure from the board of directors such action as he desires and alleges further that he has *either informed* the corporation or such board of directors in writing of the ultimate facts of each cause of action against each such defendant director *or delivered* to the corporation or such board of directors a true copy of the complaint which he proposes to file, and the reasons for his failure to obtain such action *or the reasons for not making such effort.*" (Emphasis supplied.)

In the case before us, the plaintiff gave no notice, electing rather to state "the reasons for not making such

---

[1] As to purpose of legislative action setting new requirements for stockholder's derivative suits, *see:*

*"Revision Committee Note, 1953:* This section is a substitute for 180.40 (7) (Stats. 1951). The problem in the shareholder's derivative action is the possibility of its abuse for personal profit. This possibility bears no relation to the number of shares held by the plaintiff or his ability to furnish security for expenses. This section is designed to handle the problem directly. The elimination of the chance for personal profit should discourage the strike suit without imposing any obstacles to the good faith action. (Bill 524-S)"

effort." [2] Appellants contend that this is not enough, finding in the statute a requirement that the complaint allege: (1) Efforts made by the plaintiff to obtain the required action; and (2) written notice or delivery of a copy of the proposed complaint to the corporation or its board.

Respondent argues that there is no absolute requirement of notice in the statute, but it requires only that either there be an allegation of efforts and notice or an allegation of the reason for not giving notice or making such effort. Respondent's contention is that the use of the word "or" in the last portion of the last sentence of the statute clearly indicates that such alternatives exist. Thus interpreted, the statute requires efforts to be made and notice given, with the alternative being that, if no such effort has been made, plaintiff must state in his complaint "the reasons for not making such effort."

Both appellants and respondent strongly urge that this court consider questions of basic public policy and probable legislative intent as to requiring notice in all derivative stockholder suits. We decline the invitation feeling that the dispute can and should be resolved by an interpretation of what the legislature enacted, rather than by seeking to determine what it may have had in mind at the time of the enactment. The words and phrases around which the dispute centers come from the Federal Rules of Civil Procedure. At the time of the enactment of sec. 180.405 (2), Stats., Federal Rule 23 (b) provided:

[2] Amended complaint alleges: "That plaintiff has made no demand on the board of directors or the officers of the defendant U. S. Controls Corporation to bring this action for the benefit of said defendant U. S. Controls Corporation for the reason that together with the plaintiff the defendants Spencer C. Schantz and Erwin Nemmers constitute the officers and the entire board of directors of the defendant U. S. Controls Corporation, the actions complained of were committed by said defendants, and to demand that said defendants act to bring said suit against themselves would be futile and useless."

". . . The complaint *shall* also set forth with particularity the *efforts* of the plaintiff to secure from the managing directors or trustees and, if necessary, from the shareholders such action as he desires, and the reasons for his failure to obtain such action or *the reasons for not making such effort.*" (Emphasis supplied.)

As it appears in the federal rules, we read the requirement as being a requirement of alleging "efforts" or, in the alternative, "the reasons for not making such effort." It is true that, with only minor modifications, the legislature elected to place this pleading requirement in the middle of a sentence. However, we see the result as not changing the creation of an alternative to both efforts and notice, to wit: alleging "the reasons for not making such effort." That "effort" is singular in the latter part of the sentence and pluralized earlier, supports the conclusion that the latter use is a reference to the several earlier requirements. We agree with respondent that the word "or" creates an alternative to the earlier stated requirements.

If this were a choice between two equally palatable alternatives, we would nonetheless hold to the construction we give the statute. At common law there was no notice requirement in Wisconsin as to suits of this kind. Statutes in derogation of the common law are to be narrowly construed, meaning that ". . . the rules of the common law are not to be changed by doubtful implication. To give such effect to the statute, the language must be clear, unambiguous and peremptory. . . ." [3]

We affirm the trial court's ruling that stating the reasons in the complaint for not making the effort to secure action or give notice is sufficient, on test by demurrer, as to compliance with the requirements of sec. 180.405 (1) (b), Stats. The order overruling the demurrer to the derivative cause of action is affirmed.

---

[3] *Meek v. Pierce* (1865), 19 Wis. 318 (*300), 322 (*303).

*Direct cause of action.*

This brings us to the challenge by demurrer to plaintiff's pleaded "alternative cause of action." This is a direct action brought on his own behalf as a stockholder.[4] Appellants contend that this type of direct action is barred in Wisconsin. Respondents contend that, for a breach of fiduciary duty owed to shareholders, a direct action can be brought by a stockholder in this state. The answer is that in the present case the allegations made by this plaintiff and contained in this complaint do not support a direct action by a stockholder.

It is true the fiduciary duty of a director is owed to the individual stockholders as well as to the corporation.[5] Directors in this state may not use their position of trust to further their private interests.[6] Thus, where some individual right of a stockholder is being impaired by the improper acts of a director, the stockholder can bring a

---

[4] Plaintiff's amended complaint, as "Alternate cause of action," alleges:

"*Thirteen:* Plaintiff re-alleges herein all those allegations contained in paragraphs 5 through 11 of the within complaint as though specifically set forth herein.

"*Fourteen:* That as directors of the defendants, U. S. Controls Corporation the defendants Spencer C. Schantz and Erwin Nemmers occupy a position of trust and confidence and stand in a fiduciary relationship toward the plaintiff who is a stockholder of the defendant, U. S. Controls Corporation.

"*Fifteen:* That if allowed to act as has been previously alleged said defendants Spencer Schantz and Erwin Nemmers would thereby use their positions of trust and confidence to further their private interests, in conflict with a free and impartial discharge of their duties toward the plaintiff, and would thereby cause irreparable harm to the plaintiff, for which there would be no adequate remedy at law."

[5] *Grognet v. Fox Valley Trucking Service* (1969), 45 Wis. 2d 235, 241, 172 N. W. 2d 812.

[6] *Timme v. Kopmeier* (1916), 162 Wis. 571, 575, 156 N. W. 961; *McDermott v. O'Neil Oil Co.* (1930), 200 Wis. 423, 426, 228 N. W. 481; *Stoiber v. Miller Brewing Co.* (1950), 257 Wis. 13, 18, 42 N. W. 2d 144.

direct suit on his own behalf because it is his individual right that is being violated.

However, it is also true in this state that: "Rights of action accruing to a corporation belong to the corporation, and an action at law or in equity, cannot be maintained by the members as individuals. . . ." [7]

So the question to be asked is, "Whose right is sought to be enforced by the alternative cause of action?" It appears to us that the only direct injury alleged is to the corporation. It is the corporation's funds that allegedly are to be used to pay off debts before due and to redeem stock. It is the corporation that allegedly will have its working capital impaired. It is the corporation that allegedly will no longer be able to stay in business. At least, the primary injury set forth is to the corporation, not the individual stockholder bringing the suit.

That such primary and direct injury to a corporation may have a subsequent impact on the value of the stockholders' shares is clear, but that is not enough to create a right to bring a direct, rather than derivative, action.[8] Where the injury to the corporation is the primary injury, and any injury to stockholders secondary, it is the derivative action alone that can be brought and maintained.[9] That is the general rule,[10] and, if it were to be

[7] *Marshfield Clinic v. Doege* (1955), 269 Wis. 519, 526, 69 N. W. 2d 558.

[8] *Id.* at pages 526, 527, holding: "Any injury to a corporation gives no individual right of action, although the injury to the corporation may incidentally result in the depression of the value of the stocks and bonds. . . ."

[9] *See:* 13 Fletcher, *Cyclopedia Corporations* (1970 rev.), ch. 58, sec. 5924, **Mismanagement by corporate officers or majority stockholders,** page 309: "While an injury to the corporation resulting from wrongdoing, fraud or negligence of corporate officers operates, indirectly, as an injury to stockholders, the injury to stockholders is secondary and the injury to the corporation primary. A stockholder cannot, as an individual as distinguished from a representative of the corporation, sue directors or other corporate officers for mismanagement, negligence or the like, on a cause of

abandoned, there would be no reason left for the concept of derivative actions for the redress of wrongs to a corporation. Given an option to proceed by either direct or derivative action, stockholders could be expected to prefer the direct action. Statutes, like sec. 180.405, providing controls over derivative suits would wither on an unused vine. In the case before us, the plaintiff does not have either option or opportunity to pursue the direct action road to recovery. The demurrer to the alternative cause of action, the direct stockholders' action, should have been sustained. The order overruling this portion of defendant's demurrer must be reversed.

*Improper joinder.*

As to the trial court's order overruling defendant's demurrer on the basis of misjoinder of causes of action, it is enough to say that the sustaining of the demurrer to the alternative cause of action leaves no issue of improper joinder of causes of action to discuss. Only the derivative cause of action can be pursued. As to the overruling of the demurrer on the basis of its claim of a misjoinder of parties, little need be said except that, in a derivative suit, the corporation is not only a proper, but also a necessary party.[11] The trial court's order overruling the demurrer on this ground is affirmed.

---

action which belongs to the corporation. In other words, the remedial rights of minority stockholders with respect to wrongs committed against the corporation by the officers and directors in the management of corporate affairs are derivative rights and any action taken by the stockholders to redress such wrongs must be for the benefit of the corporation. . . ."

[10] *See:* 19 Am. Jur. 2d, *Corporations,* p. 62, sec. 526, stating: ". . . It is generally held that a stockholder has no personal or individual right of action against third persons, including officers and directors of the corporation, for a wrong or injury to the corporation, even though the particular wrong or injury may have resulted in the destruction or depreciation of the value of his stock; . . ."

[11] *See: Whitcomb v. Albany Hardware Specialty Mfg. Co.* (1944), 245 Wis. 86, 13 N. W. 2d 516; *Donnelly v. Sampson* (1908), 135 Wis. 368, 115 N. W. 1089.

*By the Court.*—Order affirmed insofar as it overrules the demurrer to the derivative cause of action and overrules the demurrer on the basis of misjoinder of causes of action and parties. Order reversed and cause remanded on the portion of order overruling the demurrer to the alternative cause of action. No costs to either party.

BEILFUSS, J., took no part.