Brian READ, Plaintiff-Appellant, †

v.

Donald READ, Robert Read, Dome Corporation and Hayes Corporation, Defendants-Respondents,

Tom TUTTLE, Personal Representative for the Estate of Kenneth Read, John Does 1-10 and John Does 11-20, Defendants,

DOME CORPORATION and Hayes Corporation, Third Party Plaintiffs,

v.

Charles S. READ and Readwood, Incorporated, Third Party Defendants.

Court of Appeals

*No. 95–2453. Submitted on briefs September 3, 1996.—Decided October 22, 1996.*

(Also reported in 556 N.W.2d 768.)

†Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Christopher T. Hale* and *K. Scott Wagner* of *Hale & Lein, S.C.*, of Milwaukee.

For the defendants-respondents Donald Read and Robert Read the cause was submitted on the joint briefs of *Michael R. Wherry* of *Davis & Kuelthau, S.C.*, of Milwaukee, for defendant-respondent Donald Read, and *David P. Lowe* of *Jacquart & Lowe, S.C.*, of Milwaukee, for defendant-respondent Robert Read.

Before Wedemeyer, P.J., Fine and Curley, JJ.

CURLEY, J. This is an appeal from a final order incorporating several earlier decisions of the trial court that dismissed two claims, a derivative action claim, and a direct action claim, brought against the controlling shareholders and directors of the Hayes Corporation and the Dome Corporation, as well as the corporations themselves. As to the derivative claim, the trial court concluded that the plaintiff, Brian Read, was motivated by personal gain and, thus, was an inappropriate derivative plaintiff to represent the interests of the corporation. With regard to the individual claim brought against the defendants, the trial court determined the allegations of the complaint, even if amended, did not support a direct cause of action by Read. Because the trial court properly exercised its discretion in concluding that Read did not qualify as a fair and adequate representative of the corporation's interests under § 180.0741(2), STATS., and because the trial court properly exercised its discretion in refusing to allow a third amended complaint, we affirm.[1]

---

[1] Two matters should be addressed preliminarily. Pursuant to the dictates of § 802.06(2)(b), STATS., the defendants object to the inclusion of material supplied by Read in his appendix, as it was never considered by the trial court in its determination that Read was an inappropriate plaintiff to represent the interests of the corporation. Because the motion to dismiss for lack of standing is not the procedural equivalent of a summary judgment motion, the record will be limited to that material utilized by the trial court. We will not consider additional material which was either generated after the court's decision or material filed before the court's decision not incorporated into the motion. Secondly, Read has argued that subsequent events had rendered some of the arguments raised by the defendants

## I. BACKGROUND.

Hayes and Dome are non-public corporations, predominantly owned by members of the Read family who are now engaged in an internecine battle. The only outside shareholders are Witech and Monahon Trust. Brian Read is the son of Kenneth Read, now deceased, who was a controlling director and shareholder in both corporations. Originally Brian Read did not sue his father's estate; however, the estate was brought into the suit later. Read is a minority shareholder in both corporations owning sixteen percent of Hayes and seven percent of Dome. On December 31, 1992, he filed suit against both the directors and controlling stockholders of the corporations and the corporations claiming misappropriation of corporate assets and self-dealing by the directors and controlling stockholder through their transactions with other corporations in which they were stockholders but he was not. In an amended complaint filed in 1994, Read added claims seeking damages both for himself based on a claim of breach of fiduciary duty by the directors and controlling shareholders, as well as a claim for damages brought on behalf of the corporations.

On October 11, 1994, the trial court concluded that Read was not an appropriate shareholder to represent the interests of the corporate defendant and dismissed the derivative claim. On November 2, 1994, the trial court determined that Read's cause of action seeking

---

moot. Specifically, he argues the corporations have voted to dissolve themselves so that the corporate interests and his interests are not synchronized. The current status of the corporations is in dispute. We do not decide disputed material facts. Further, the court will not consider subsequent actions in making its determination.

damages for himself as a shareholder of Hayes and of Dome was improper because the complaint did not allege that the corporations were close corporations. The trial court later refused to allow Read to amend his pleadings a third time to incorporate the close corporation allegation, concluding that amendment would be futile because Wisconsin does not recognize a direct cause of action for breach of fiduciary duty by controlling shareholders of a non-statutory close corporation. This appeal follows.

## II. ANALYSIS.

■

The briefs of the parties reflect a difference of opinion on what the proper standard of review is for whether a plaintiff is an appropriate shareholder to maintain a derivative action under Wisconsin law. Read suggests the test is a *de novo* review of the trial court's decision. The defendants urge the court to apply an "erroneous exercise of discretion" test to the trial court decision. There is no Wisconsin case directly on point explaining the standard of review when determining whether a plaintiff is an appropriate shareholder to maintain a derivative action under § 180.0741, STATS. Section 180.0741, STATS., is a relatively new statute, having been adopted in 1989. What can be gleaned from prior case law on this issue, however, is that Wisconsin treats shareholder derivative suits as actions in equity. In *Mulder v. Mittelstadt*, 120 Wis. 2d 103, 352 N.W.2d 223 (Ct. App. 1984), we stated:

> Shareholder's derivative actions are actions in equity. Although we have found no Wisconsin case which expressly delineates our standard of review

563

for this type of equitable remedy, it appears that the appropriate standard is one of abuse of discretion. An appeal to equity requires a weighing of the factors or equities that affect the judgment—a function which requires the exercise of judicial discretion. "The basis of all equitable rules is the principle of discretionary application."

*Id.* at 115, 352 N.W.2d at 228 (citations omitted).

■

Looking to federal law, the appellate standard of review in determining standing in shareholder derivative litigation is an abuse of discretion test, the counterpart to Wisconsin's "erroneous exercise of discretion" standard. *See Brookfield v. Milwaukee Metro. Sewerage Dist.*, 171 Wis. 2d 400, 423, 491 N.W.2d 484, 493 (1992) (declaring substance of erroneous exercise of discretion standard is same as abuse of discretion standard).

In *Smith v. Ayres*, 977 F.2d 946 (5th Cir. 1992), *cert. denied*, 508 U.S. 910 (1993), the Fifth Circuit Court of Appeals opined:

In order to bring a derivative action, the shareholder plaintiff must "fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association." Determining whether the plaintiff meets this standard is firmly committed to the discretion of the trial court, reviewable only for abuse.

*Id.* at 948 (citation omitted). While the federal rule differs with the wording of Wisconsin § 180.0741(2), STATS., for standard of review purposes, they are sufficiently alike. Thus, following the lead of the federal courts, we conclude our proper standard of

review on this issue is whether the trial court erroneously exercised its discretion.

## A. *Derivative Claim.*

In Wisconsin, when a party challenges the standing of a shareholder to bring a derivative action on behalf of the corporation, a trial court has the duty to determine whether the party meets the test set forth in § 180.0741, STATS.[2]

In order for a shareholder or beneficial owner to have standing to bring a derivative action, § 180.0741(2), STATS., requires that they "[f]airly and adequately represent[s] the interests of the corporation in enforcing the right of the corporation." While various federal cases have been cited by the parties on the issue of qualifications to bring a derivative suit, there is a notable difference in the statutory language between the Wisconsin and federal rules. Federal Rule of Civil Procedure 23.1 requires that a derivative representative "represent the interests of the *shareholders or members similarly situated* in enforcing the right of the corporation or association," while Wisconsin § 180.0741(2) requires that the shareholder or beneficial owner "[f]airly and

---

[2] Section 180.0741, STATS., provides:

**Standing.** A shareholder or beneficial owner may not commence or maintain a derivative proceeding unless the shareholder or beneficial owner satisfies all of the following:

(1) Was a shareholder or beneficial owner of the corporation at the time of the act or omission complained of or became a shareholder or beneficial owner through transfer by operation of law from a person who was a shareholder or beneficial owner at that time.

(2) Fairly and adequately represents the interests of the corporation in enforcing the right of the corporation.

adequately represent[ ] the *interests of the corporation in enforcing the right of the corporation.*" (Emphasis added.) There are no cases in Wisconsin distinguishing the two rules. The defendants urge us to treat the two statutes as identical. However, the trial court saw a distinction and concentrated on the wording of the Wisconsin statute. Whether the standards under the federal and Wisconsin rules should be treated identically, given the different wording of the respective statutes, need not be decided here, although we do agree that federal case law can provide us with guidance in determining whether the trial court reached the proper conclusion in the case before us.

Brian Read argues that the trial court made its determination that he was an inappropriate plaintiff simply because he engaged in alternative pleading, in which he pleaded conflicting causes of action. He claims that the "court punished [him] for cautious pleading, and rewarded the Read Defendants" due to his coupling his derivative action with his personal claims.

A review of the trial court's decision reveals that the trial court did not grant the motion to dismiss for lack of standing solely on the basis of the plaintiff's alternative pleading. Rather, the trial court stated in its October 1, 1994 decision, "A review of the *record* shows that [the] plaintiff is using this proceeding for his personal advantage." (Emphasis added.) Further, the second amended complaint was filed in January of 1994. Some five months later, in June 1994, the plaintiff filed a motion seeking dissolution of Hayes or the appointment of a receiver, and brought a motion asking for a receiver for Dome Corporation. These motions were actively pursued by the plaintiff and scheduled for hearing in July 1994.

In reaching its decision on the standing issue, the trial court found that the motions advanced by the plaintiff for dissolution and appointment of a receiver eliminated the prospect of the plaintiff being able to "fairly and adequately represent the corporate interest." The trial court reasoned that the dissolution and receivership motions filed on June 7, 1994, mere months from the filing of the amended complaint which urged the imminent dissolution or the immediate appointment of a receiver, were an anathema to the best interests of the corporation. In the trial court's October 1, 1994 decision, the court stated that, "It is hard to conceive of any way in which dissolution would be beneficial to the corporation in this case."

Indeed, under § 180.1405, STATS.: "A dissolved corporation . . . may not carry on any business except that which is appropriate to wind up and liquidate its business and affairs." Although a corporation's interests are not served by dissolution, a shareholder's interests might be. As the trial court wrote in its decision: "A plaintiff does not fairly and adequately represent the interests of the corporation when the proceeding is used for personal advantage." The trial court's language tracks the test found in federal case law. For instance, in *Smith*, the Fifth Circuit stated: "A plaintiff in a shareholder derivative action owes the corporation his undivided loyalty. The plaintiff must not have ulterior motives and must not be pursuing an external personal agenda." *Smith*, 977 F.2d at 949. The court also noted, however, that: "Whether or not such a personal agenda exists is determined by the trial court, and we will not reverse its determination absent clear error." *Id.*

Further, in *Davis v. Comed, Inc.*, 619 F.2d 588 (6th Cir. 1980), the Sixth Circuit Court of Appeals explored

567

the impact of remedies such as those requested by Read in this case. The court disqualified the plaintiff in *Davis* from bringing his derivative action because of his conduct and conflicts of interest. The court found that the remedy sought by the plaintiff was relevant in determining whether the plaintiff was an appropriate plaintiff in a derivative suit. *Id.* at 595. In reaching this conclusion, the *Davis* court acknowledged that the federal "courts have also scrutinized the remedy sought, and its implications, in assessing plaintiff's qualifications as a derivative representative." *Id.* In the instant case, the trial court essentially followed the guidance of the federal courts and correctly determined that the actions which Read took in furtherance of his personal claims are contrary to the fair and adequate representation of the corporation.

Read also contends that dissolution actually was in the corporations' best interest as its continued "life" would mean continuing debt and depletion of assets. No evidence was presented that the corporations were insolvent. Given his allegation, we would anticipate that other shareholders, even those with stock in the offending interrelated corporations, would join his suit for fear their financial interests would be diminished by continued depletion of assets and continuing debt. No other shareholders, however, have aligned themselves with the plaintiff in this suit, including the non-family shareholders. In fact, almost all of the other shareholders submitted affidavits in opposition to plaintiff's actions. Looking again to federal law, we conclude that: "The degree of support a putative plaintiff receives from other shareholders . . . is a factor that should be considered in determining adequacy of representation." *Larson v. Dumke,* 900 F.2d 1363, 1368

(9th Cir.), *cert. denied sub nom, Round Table Pizza, Inc. v. Larson*, 498 U.S. 1012 (1990). Thus, "[o]nly in the rarest instances may there be a shareholder derivative action with a class of one." *Smith*, 977 F.2d at 948. Therefore, the trial court correctly concluded that Read's "first concern was for his own interests, rather than for the corporate interests [and that it was] clear from this that [Read's] interests [were] in fact antagonistic to the corporations."

Finally, Read asserts that his request for dissolution was prompted by the fact the trial court adjourned the trial twice and that, once he obtained the necessary financial information, he withdrew his request. Regardless of his reasons, Read's requests for dissolution and receivership prior to trial reflects the fact that he cannot adequately or fairly represent the corporation.

■

Accordingly, for the aforementioned reasons, we conclude that the trial court properly exercised its discretion in determining that Read was an inappropriate plaintiff in a derivative shareholder suit.

*B. Direct action.*

■

In the sixth cause of action in the second amended complaint, Read alleges controlling directors and shareholders mismanaged the corporation and engaged in self-dealing in violation of their fiduciary duty to him and other minority shareholders. For this cause of action Read sought judgment awarding damages to him individually. The trial court, in granting the defendants' motion to dismiss, followed the reasoning of *Rose v. Schantz*, 56 Wis. 2d 222, 201 N.W.2d 593 (1972), and *McGivern v. Amasa Lumber*

*Co.*, 77 Wis. 2d 241, 252 N.W.2d 371 (1977), which held that in Wisconsin a stockholder may not bring direct actions against the directors and controlling shareholders of a corporation unless some individual right of the stockholder is being impaired and, absent an individual right, a shareholder may not bring suit for actions accruing to the corporation. *Rose*, 56 Wis. 2d at 229-30, 201 N.W.2d at 597-98; *McGivern*, 77 Wis. 2d at 260, 252 N.W.2d at 380.

Here, as in the *Rose* case, Read's complaint alleges conduct that, if true, means that resulting primary injury is to the corporation, not the individual stockholder bringing the suit. *Rose*, 56 Wis. 2d at 230, 201 N.W.2d at 598. The trial court correctly concluded that Read could not bring a direct action against the defendants.

Read next argues that while the dictates of *Rose* may currently be the law in Wisconsin, the modern trend is to treat shareholders in closed corporations as partners, not shareholders. Read states in his brief: "This fiduciary duty stems from the similarity between closely-held corporations and partnerships—in either case, an owner of a minority interest is at greater risk because no ready market exists in which to liquidate their investment." Hence, Read believes he should be afforded the opportunity to change the law to permit a direct action against the directors and controlling shareholders. As evidence of this alleged new trend in Wisconsin, Read cites § 180.1833, STATS., titled "The power of court to grant relief."[3] This statute sets forth

---

[3] Section 180.1833, STATS., provides:

**Power of court to grant relief. (1)** GROUNDS FOR RELIEF. Subject to sub. (4)(b) and (c), a shareholder of record, the beneficial owner of shares held by a nominee or the holder of voting trust certificates of

the many remedies the court is permitted to award to a shareholder in suits involving statutory close

a statutory close corporation may petition the circuit court for the county where the corporation's principal office or, if none in this state, its registered office is located for relief on any of the following grounds:

(a) That the directors or those in control of the corporation have acted, are acting or will act in a manner that is illegal oppressive, fraudulent or unfairly prejudicial to the petitioner in his or her capacity as a shareholder, director or officer of the corporation.

(b) That the directors or those in control of the corporation are so divided respecting the management of the corporation's affairs that the votes required for action cannot be obtained and the shareholders are unable to break the deadlock, with the consequence that the corporation is suffering or will suffer irreparable injury or that the business and affairs of the corporation can no longer be conducted to the advantage of the shareholders generally.

(c) That conditions exist that would be grounds for judicial dissolution of the corporation under s. 180.1430(2).

(2) TYPE OF RELIEF. (a) If the court finds that one or more of the conditions specified in sub. (1) exist, it shall grant appropriate relief, including any of the following:

1. Canceling, altering or enjoining any resolution or other act of the statutory close corporation.

2. Directing or prohibiting any act of the corporation or of shareholders, directors, officers or other persons who are party to the action.

3. Canceling or altering the articles of incorporation or bylaws of the corporation.

4. Removing from office any director or officer, or ordering that a person be appointed a director or officer.

5. Requiring an accounting with respect to any matters in dispute.

6. Appointing a receiver to manage the business and affairs of the corporation.

7. Appointing a provisional director who shall have all of the rights, powers and duties of a duly elected director and shall serve for the term and under the conditions established by the court.

8. Ordering the payment of dividends.

9. If the court finds that it cannot order appropriate relief, ordering that the corporation be liquidated and dissolved unless

571

corporations. Included in the list is an award of damages to a shareholder. Section 180.1833, STATS., however, is not available to non-statutory close corporations. Read, who in the two filed complaints never alleges that either Dome and Hayes are close corporations, now urges this court to find the trial court erred in refusing his request for a third complaint.

■

Section 802.09(1), STATS., controls the amendment of pleadings in Wisconsin.[4] It provides in relevant part:

either the corporation or one or more of the remaining shareholders purchase all of the shares of the petitioning shareholder at their fair value by a designated date, with the fair value and terms of the purchase to be determined under sub. (3).

10. Ordering dissolution if the court finds that one or more grounds exist for judicial dissolution under s. 180.1430(2) or that all other relief ordered by the court has failed to resolve the matters in dispute.

11.. Awarding damages to any aggrieved party in addition to, or in lieu of, any other relief granted.

(b) In determining whether to grant relief under par. (a)9. or 10., the court shall consider the financial condition of the corporation but may not refuse to order liquidation solely on the grounds that the corporation has net worth or current operating profits.

(c) If the court determines that a party to a proceeding brought under this section has acted arbitrarily, vexatiously or in bad faith, it may award reasonable expenses, including attorney fees and the costs of any appraisers or other experts, to one or more of the other parties.

[4] Section 802.09(1), STATS., provides:

**Amended and supplemental pleadings. (1)** AMENDMENTS. A party may amend the party's pleading once as a matter of course at any time within 6 months after the summons and complaint are field or within the time set in a scheduling order under s. 802.10. Otherwise a party may amend the pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given at any stage of the action when justice so requires. A party shall plead in response to an amended pleading within 20 days

"A party may amend the party's pleading once as a matter of course at any time within 6 months after the summons and complaint are filed . . . . Otherwise a party may amend the pleading only by leave of court or by written consent of the adverse party." Section 802.09(1), STATS. "The decision to grant leave to amend a complaint is within the trial court's discretion." *Carl v. Spickler Enters., Ltd.*, 165 Wis. 2d 611, 622, 478 N.W.2d 48, 52 (Ct. App. 1991).

Our review of the record shows that Read's request to amend the pleading came over two years after the commencement of this suit and after the complaint had already been amended once. A trial in this case for all the remaining claims was scheduled to begin less than two weeks from the date the motion to amend was heard. The amendment sought would have, in all likelihood, required a trial adjournment to allow defendant's counsel sufficient time to file an answer. Read gave no explanation why he failed to allege that the corporations were close corporations for over two years. The corporations' status was always known and not a result of newly-discovered information. The trial court reasoned that even if Read were allowed to amend the complaint to allege that the corporations were closely-held corporations, Read still would have faced a significant legal hurdle because the relief he sought was available only to statutory close corporations. Because the Hayes and Dome Corporations have not opted into the statutory close corporation status, *see* § 180.1801, STATS., the authority relied on by Read as authority for direct action by shareholders would not apply to them.

after service of the amended pleading unless (a) the court otherwise orders or (b) no responsive pleading is required or permitted under s. 802.01(1).

The trial court determined that Read's desired amendment was of questionable value given Wisconsin law. The trial court stated:

> Wisconsin has not adopted the rule that a shareholder in a nonstatutory close corporation may bring the direct action. Brian Read is attempting to bring under the *Rose* and *McGivern* cases which have only been previously cited on the record in this case. Such a cause of action belongs to the corporations. Therefore, at this time I'm denying the motion to amend because down the line . . . it would be a waste of time.

We agree that an adoption of Read's theory would eviscerate the current statutes distinguishing between statutory and non-statutory close corporations.

Further, in the face of an imminent trial date in a case over two years old, the court properly exercised its discretion in refusing to grant the amendment. We note that the court had already permitted one amendment of the pleadings; and the record reveals this was a contentious lawsuit requiring much of the court's time. Given the number of lawyers involved, any adjournment would have resulted in a substantial delay. In balancing the limited value of the proposed amendment against the history of this case, the court's decision of denial was entirely appropriate.

In sum, we conclude that the trial court properly exercised its discretion in both issues raised by Read. Accordingly, we affirm.

*By the Court.*—Order affirmed.

FINE, J. (*dissenting*). I respectfully dissent from the majority's decision for two reasons.

1. The majority opinion ignores the long-standing rule that not only permits alternative pleading but also specifically provides that the claims pleaded in the alternative need not be consistent with one another. *See* RULE 802.02(5)(b), STATS.[1] The trial court did not dismiss Brian Read's derivative claim on summary judgment, either directly under RULE 802.08, STATS., or indirectly under RULE 802.06(3), STATS. *See* Majority op. at 554 n.1. Thus, the trial court was, and we are, limited to the four corners of the complaint viewed in a light most favorable to sustaining the claims therein asserted. *Morgan v. Pennsylvania Gen. Ins. Co.*, 87 Wis. 2d 723, 731, 275 N.W.2d 660, 664 (1979) (Facts alleged in the complaint must be taken as true, and "a claim should be dismissed as legally insufficient only if 'it is quite clear that under no conditions can the plaintiff recover.' ") (citation omitted). Moreover, although I do not necessarily disagree with the majority's conclusion that standing to assert a derivative claim is reviewed under an erroneous-exercise-of-discretion standard, a determination of whether a person seeking to assert a derivative claim "[f]airly and adequately represents the interests of the corporation in enforcing the right of the corporation," § 180.0741(2), STATS., requires fact-

---

[1] RULE 802.02(5)(b), STATS., provides:

A party may set forth 2 or more statements of a claim or defense alternatively or hypothetically, either in one claim or defense or in separate claims or defenses. When 2 or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal or equitable grounds. All statements shall be made subject to the obligations set forth in s. 802.05.

finding unless the four-corners of the complaint demonstrate conclusively that the person does not. *See* 7C CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1836, at 162-163 (1986). Further, it is the defendants' burden to show lack of standing. *Id.*, § 1833 at 141. In my view, it was improper for the trial court to use materials Read submitted in support of his alternative claims to knock out his derivative claim.

2. I believe that the trial court misused its discretion in not permitting Mr. Read to amend his complaint to allege that the corporations were closed corporations, so that the case could proceed—either on summary judgment or trial—to determine the relationships between the directors, officers, and shareholders, in light of the trend recognized by § 180.1833, STATS., to give shareholders in close corporations greater rights *vis a vis* their interests in the corporation. *Cf. Bass v. Ambrosius*, 185 Wis. 2d 879, 890–891, 520 N.W.2d 625, 629–630 (Ct. App. 1994) (Resolution of a complex issue of law "should await until the facts are more fully developed at trial.").