Duane S. JORGENSEN and Sharon A. Jorgensen, Plaintiffs-Appellants,

v.

WATER WORKS, INC., Defendant,

James S. BARBER, Doreen A. Barber, Gary W. Tesch, and Mary Tesch, Defendants-Respondents.†

Court of Appeals

*No. 00–1930. Submitted on briefs February 12, 2001.—Decided May 24, 2001.*

2001 WI App 135

(Also reported in 630 N.W.2d 230.)

†Petition to review denied.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Jerry W. Slater* of *Kelley, Weber, Pietz & Slater, S.C.* of Wausau.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Gary L. Dreier* of *First Law Group S.C.* of Stevens Point.

Before Vergeront, Roggensack and Lundsten, JJ.

¶ 1. ROGGENSACK, J. Because we conclude, based on the facts found by the circuit court, that the individual defendants breached their fiduciary duties as directors of Water Works, Inc. by violating the shareholder-rights of Duane and Sharon Jorgensen, which caused an injury that was primarily personal to them, we reverse and remand for further proceedings consistent with this opinion.

## BACKGROUND

¶ 2. This is the second time this case has been before us.[1] The plaintiffs, Duane and Sharon Jorgensen, are shareholders in Water Works, a corporation that owns and operates a car washing facility in Wisconsin Rapids. The individual defendants, James Barber, Doreen Barber, Gary Tesch and Mary Tesch, are the remaining shareholders in the corporation. They are also the directors and officers of Water Works. Since its inception in 1988, Water Works has elected to be taxed under subchapter S of the Internal Revenue Code.[2]

¶ 3. Initially, the business venture got off to a good start. Each shareholder was issued an equal number of shares in the corporation, and each was a director and an officer, with Duane being elected president. Each received regular payments from Water Works. Those payments increased in size and frequency as Water Works became profitable. Each year, Water Works filed a federal tax return using IRS form 1120S, which passed through all corporate income and losses to the six shareholders in equal amounts.

¶ 4. Disagreements among the shareholders arose in 1996, causing Duane to resign and Sharon to be removed as officers and directors. The weekly payments they had been receiving from Water Works also ceased, but Doreen, James, Gary and Mary continued to receive their regular payments. Duane and Sharon then sued the other shareholders alleging they had breached the fiduciary duty which they, as directors, owed to the Jorgensens as Water Works shareholders.

---

[1] *See Jorgensen v. Water Works, Inc.*, 218 Wis. 2d 761, 582 N.W.2d 98 (Ct. App. 1998).

[2] *See* 26 U.S.C. §§ 1361–1379 (1994 ed. and Supp. III).

The Jorgensens also alleged a derivative claim for unpaid dividends and a claim for judicial dissolution based on what they contended was oppressive conduct by the individual defendants, under WIS. STAT. § 180.1430(2)(b) (1999–2000).[3]

¶ 5. The circuit court granted summary judgment dismissing all claims. We reversed in part, reinstating the Jorgensens' individual claims for breach of fiduciary duty and the claim for judicial dissolution because we concluded there were genuine issues of material fact surrounding those claims.

¶ 6. When the matter was again before the circuit court, it held a two-day trial and found that the defendants had not proved that the fees they were paying themselves from Water Works were reasonable for the services they had rendered to the corporation. The court also found that it was "obvious that the salaries and the payment of salaries is related to profits [of the corporation]." The court found that because there was "no differentiation between directors' salaries—or, at least, there hasn't been since 1996—suggests that salaries aren't being paid on the basis of work done as compensation for work done." The court further found that there was no demonstration that Sharon's removal from the board of directors was based on her conduct, and that her dismissal meant a loss of the Water Works' fees the Jorgensens had previously received. Based on those findings, the circuit court concluded that "your conduct was in breach of your fiduciary duty."

¶ 7. However, instead of then determining what damages the Jorgensens had suffered, the circuit court reasoned that if smaller payments were made to the

---

[3] All further references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

four defendant-directors, there would be more money to pay off the loans which encumbered the corporation and that, in turn, might cause the lenders to permit the payment of dividends to all shareholders as a regular and routine matter. Because it believed the Jorgensens had no individual right to require the corporation to pay dividends and that the cash flow payments to the defendants could affect the future payment of dividends, the court concluded that the challenge to those payments had to be brought as a derivative action. The circuit court also concluded that the majority shareholders' voting Sharon off the board was not oppressive conduct as that term is used in WIS. STAT. § 180.1430(2)(b). The circuit court's decision regarding oppression has not been appealed, but Duane and Sharon do appeal the dismissal of their individual claims for breach of fiduciary duty.

## DISCUSSION

**Standard of Review.**

¶ 8.   Whether a corporate director has breached his or her duty to deal fairly with individual shareholders is a mixed question of fact and law. *See Reget v. Paige*, 2001 WI App 73, ¶ 12, 242 Wis. 2d 278, 288–89, 626 N.W.2d 302, 308. Whether certain events occurred are questions of historic fact to be determined by the circuit court. We will not reverse those determinations unless they are clearly erroneous. *Id.* at ¶ 11; WIS. STAT. § 805.17. However, whether the facts as found constitute a breach of a director's duty to individual shareholders is a question of law. *See Reget*, 2000 WI App 73 at ¶¶ 11–12.

**Breach of Fiduciary Duty.**

¶ 9.   On appeal, Duane and Sharon claim that the circuit court erred in concluding that their claim for improper distributions from Water Works must be brought as a derivative action rather than as an individual claim. They seek reversal and remand for further proceedings.

¶ 10.   A corporation's directors owe individual shareholders a fiduciary duty to act in good faith and to deal fairly with them. *Rose v. Schantz*, 56 Wis. 2d 222, 228, 201 N.W.2d 593, 597 (1972); *Grognet v. Fox Valley Trucking Serv.*, 45 Wis. 2d 235, 242, 172 N.W.2d 812, 816 (1969). That duty requires that directors not "use their position of trust to further their private interests." *Rose*, 56 Wis. 2d at 228, 301 N.W.2d at 597. Whether a claim must be brought derivatively or may be brought individually depends upon whether the injury alleged is primarily to the complaining shareholder or primarily to the corporation. *Jorgensen v. Water Works, Inc.*, 218 Wis. 2d 761, 776–77, 582 N.W.2d 98, 104 (Ct. App. 1998). As the supreme court explained in *Rose*, "[W]here some individual right of a stockholder is being impaired by the improper acts of a director, the stockholder can bring a direct suit on his own behalf because it is his individual right that is being violated." *Rose*, 56 Wis. 2d at 228–29, 301 N.W.2d at 597.

¶ 11.   As we evaluate whether the Water Works' payments to the defendants after discontinuing payments to the Jorgensens are primarily injuries to Duane and Sharon personally, we note that Water Works is a subchapter S corporation. Subchapter S of the Internal Revenue Code, 26 U.S.C. §§ 1361–1379,

was enacted in 1958 to assist small businesses in adopting the corporate form of business by lessening the tax burdens on them. *Bufferd v. Commissioner*, 506 U.S. 523, 524–25 (1993). A subchapter S corporation uses a pass-through taxation system where, generally,[4] corporate income, losses, deductions and credits are attributed to the individual shareholders on a *pro rata* basis, similar to the tax treatment of a partnership.[5] *Gitlitz v. Commissioner of Internal Revenue*, 531 U.S. 206, 209, 121 S. Ct. 701, 704 (2001) (citing *Bufferd*, 506 U.S. at 525). Each shareholder is required to report, as taxable income, his or her share of the corporation's pass-through income, even if he or she does not receive corporate payments, subject to a limitation on losses in excess of a shareholder's basis. *See* 26 U.S.C. § 1366 (a)(1)(A) and § 1366 (d); *Gitlitz*, 121 S. Ct. at 704. Generally, a subchapter S corporation does not pay dividends from corporate profits, but rather, passes-through its profits to the shareholders on a *pro rata* basis. *Id.* The amount of income available for pass-through is affected by the deductions taken from revenues for compensation and fees to officers and directors prior to calculating the pass-through income. *See* IRS form 1120S.

¶ 12. The record reflects that Water Works filed IRS forms 1120S as a subchapter S corporation for all the years in question. In 1997 and again in 1998, Water Works paid the four defendants $16,900 each as "officers' compensation." The circuit court found that

---

[4] Since 1966, subchapter S corporations have been liable for certain capital gains taxes not at issue here. *Bufferd v. Commissioner*, 506 U.S. 523, 525 (1993) (citing 26 U.S.C. §§ 1374, 1378).

[5] IRS form 1120S reports this income on line 21 of the corporate tax return and on a *pro rata* basis on Schedule K–1 for each individual shareholder.

these payments were not based on work performed for the corporation but instead were distributions related to profits of Water Works.[6] Neither Duane nor Sharon received officer's or director's compensation or salaries[7] of any type in 1997 and 1998, although both had received them annually before being removed as officers and directors.

¶ 13.  In 1997, the first year in which Duane and Sharon received no cash flow payments from Water Works, the corporation reported pass-through income of $37,593, causing *pro rata* pass-through income for each shareholder of $6,265.50. In 1998, Water Works reported $25,452 of pass-through income, causing reportable income of $4,242 for each shareholder. It is undisputed that, while Duane and Sharon were required to report this pass-through income on their tax returns, no pass-through income was actually distributed to any shareholder.[8]

---

[6] In 1997, Water Works also paid Mary an additional $14,677.52 and Gary an additional $30,127.76 as "salaries." In 1998, Water Works distributed an additional $55,309 to the defendants, but the record is not clear for what purpose and in what proportion that distribution was made.

[7] While this case was pending, we decided *Reget v. Paige*, 2001 WI App 73, 242 Wis. 2d 278, 626 N.W.2d 302, where Reget also sought relief for salaries paid to certain director-shareholders, which salaries we refused to review based on the business judgment rule. *Id.* at ¶¶ 21–22. *Reget* does not answer the questions presented here because it concerned a C corporation and the salaries of all employees who were also directors were established by the outside directors who were neither employees nor shareholders of the corporation.

[8] The undistributed pass-through income of a subchapter S corporation is shown on the accumulated adjustments account (26 U.S.C. § 1368 (e)) of form 1120S as Schedule M–2.

¶ 14.   The circuit court also found that when the defendants stopped paying officer's and director's fees to Duane and Sharon and continued to pay themselves fees, "then you've basically taken something away from a minority shareholder who is not receiving a fee. . . . [N]ot necessarily as a dividend, because I don't believe that these were dividends." The court also found that, due to the pass-through taxation of Water Works' income, Duane and Sharon were treated inequitably as compared with other shareholders, all of whom are defendants.

> [S]ome shareholders are paying taxes in this matter on income that they're not receiving. . . . You're dividing it as taxes to all of the shareholders, and some of the shareholders aren't receiving any portion of that income, whereas others are receiving that income in terms of—at least that it's being transferred to others in terms of fees and salaries.

¶ 15.   The circuit court found that the officers' compensation payments to the defendants were not based on services they performed for Water Works but instead were a sharing of Water Works' profits, and it found inequality when compared with the defendants both in regard to the cash they received and the income attributed to Jorgensens from Water Works. However, it did not analyze whether a right of the Jorgensens was violated based on these findings, and, if so, whether there was resulting harm that was primarily to the Jorgensens.

¶ 16.   Each shareholder has a right to be treated fairly by the directors. *Rose*, 56 Wis. 2d at 228, 201 N.W.2d at 597. This includes the right to require that directors not place their self-interests before those of

the shareholders. *Grognet*, 45 Wis. 2d at 242, 172 N.W.2d at 816. An injury due to a director's action is primarily an injury to an individual shareholder if it affects a shareholder's rights in a manner distinct from the effect upon other shareholders. *See Jorgensen*, 218 Wis. 2d at 776–77, 582 N.W.2d at 104; *Wilkes v. Springside Nursing Home, Inc.*, 353 N.E.2d 657 (Mass. 1976).

¶ 17.   Here, the circuit court found[9] that the defendants' removal of Sharon from her position as an officer and director was not based on anything she did to cause it. The court also found that her dismissal resulted in the discontinuance of the officer's compensation and fees she had received previously. Although the court did not make a specific finding in this regard, its opinion implies that because the defendants and Duane had had harsh words and they did not wish to work with him any longer, Sharon was dismissed because she was married to him. While the defendants may have found it more comfortable not to include Sharon in the directors meetings because she might relay to Duane what occurred, that comfort level put their personal interests ahead of Sharon's.

¶ 18.   Additionally, when they stopped paying Sharon and Duane the *pro rata* distribution from Water Works' cash flow while they continued to pay themselves regular distributions, they treated Duane and Sharon differently, and inequitably, when compared with the treatment accorded all other

---

[9] In regard to Sharon's removal from management, the circuit court stated, "There isn't any demonstration in this record, however, that the removal of Mrs. Jorgensen was appropriate. There's no demonstration in this record that her conduct was inappropriate, threatening, or noncooperative in any fashion."

shareholders. This inequality manifests itself in two ways, as the circuit court recognized: first, Duane and Sharon did not receive $16,900 each, as the other shareholders did in 1997 and 1998;[10] and second, because of the pass-through nature of a subchapter S corporation, they had reportable income in 1997 and 1998. However, they were the only shareholders who did not receive cash flow from Water Works that was more than sufficient to cover the resultant tax obligations. Accordingly, we conclude that the individual defendants breached Duane's and Sharon's right to be treated in the same way as the other shareholders and in so doing they inflicted a harm on them that other shareholders did not suffer. Therefore, we reverse the dismissal of the Jorgensens' claim for breach of fiduciary duty, and we remand for further proceedings consistent with this opinion.

## CONCLUSION

¶ 19. Because we conclude, based on the facts found by the circuit court, that the individual defendants breached their fiduciary duties as directors of Water Works by violating the shareholder-rights of Duane and Sharon, which caused an injury that was primarily personal to them, we reverse and remand for further proceedings consistent with this opinion.

---

[10] These *pro rata* distributions to the defendants may have continued in 1999, 2000 and 2001, but the record does not provide sufficient specificity for us to ascertain that. Additionally, the record shows that these payments were less to Sharon and Duane in 1996, as they were removed as directors for a portion of that year.

*By the Court.*—Judgment and order reversed and remanded.