Leo E. BORNE, Trustee for the Leo E. Borne Separate Property Trust, Plaintiff-Appellant,†

v.

GONSTEAD ADVANCED TECHNIQUES, INC., Robert Gonstead, Phyllis Markham Richelieu, John Thatcher, Larry Troxell, Linda Rhodes, James Obert, James Campbell, Dale Applegate, Herb Wood, Gary Pfaff, Sheldon Dellman, Polly McGinley and C.S. Gonstead Chiropractic Foundation, Defendants-Respondents.

Court of Appeals

*Nos. 01–2624, 02–0973. Submitted on briefs June 12, 2002.—Decided June 19, 2003.*

2003 WI App 135

(Also reported in 667 N.W.2d 709.)

† Petition to review denied 10-1-03.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Brian E. Butler, James B. Egle* and *Lee M. Seese* of *Stafford Rosenbaum LLP* of Madison.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Ann U. Smith* and *Mary C. Turke* of *Michael Best & Friedrich LLP* of Madison.

Before Roggensack, Deininger, and Lundsten, JJ.

¶ 1. ROGGENSACK, J. Leo Borne, trustee for the Leo E. Borne Separate Property Trust (the Trust), appeals the circuit court's judgment dismissing his claims against Gonstead Advanced Techniques, Inc. (GAT), Robert Gonstead, Phyllis Markham Richelieu, John Thatcher, Larry Troxell, Linda Rhodes, James Obert, James Campbell, Dale Applegate, Herb Wood,

Gary Pfaff, Sheldon Dellman, Polly McGinley and C.S. Gonstead Chiropractic Foundation (hereinafter collectively, shareholders). We conclude that because the Trust was not a shareholder at the time of the challenged transactions, it cannot maintain a derivative action, nor can it assert a claim based on the failure to give notice of statutory dissenters' rights. Accordingly, we affirm the judgment of the circuit court.

## BACKGROUND[1]

¶ 2. Leo E. Borne was a creditor of Robert Gonstead, a shareholder and director of GAT who owned the sixty-one shares of stock. When Robert and Carol Gonstead filed for bankruptcy, the bankruptcy trustee, Daniel L. Bakst, took possession of the GAT stock.

¶ 3. On May 1, 2000, the GAT board of directors approved a plan of liquidation to dissolve GAT. Under that plan each shareholder was required to surrender his or her stock for cancellation; creditors were to be paid and, on or before December 31, 2001, GAT was to donate any remaining assets to the C.S. Gonstead Chiropractic Foundation, Inc. (Foundation), a Wisconsin charitable and educational corporation. On or about May 19, 2000, GAT gave notice to all of its shareholders of the liquidation plan and of a meeting to be held on June 9, 2000, wherein a vote on the plan would be taken.

¶ 4. On June 9, 2000, 146 votes, out of a possible 154 shareholder votes were cast. Eighty-five voted in favor of the plan. The trustee in bankruptcy voted the

---

[1] The background facts are taken from the amended complaint, which facts we assume to be true for purposes of this decision. *Town of Eagle v. Christensen*, 191 Wis. 2d 301, 316, 529 N.W.2d 245, 251 (Ct. App. 1995).

257

sixty-one shares he held against the plan.[2] On July 20, 2000, Borne offered to purchase the GAT stock held by the bankruptcy estate, and on August 10, 2000, he was informed that his offer had been accepted. On August 19, 2000, Bakst mailed the original share certificates and a bill of sale to Borne, who then transferred the stock to the Trust.

¶ 5. On February 7, 2001, the Trust sued GAT, the GAT board of directors and the shareholders who voted in favor of the plan of liquidation. The amended complaint alleges five claims for relief: (1) breach of fiduciary duty; (2) failure to give dissenters' rights notice; (3) demand for judicial dissolution; (4) fraudulent transfer; and (5) conversion.

¶ 6. The Trust complains that the GAT shares it held lost value because the plan of liquidation recommended by the board of directors on May 1, 2000, and approved by the shareholders on June 9, 2000, provided for distribution of any assets remaining in the corporation to the Foundation. The Trust asserts that the shareholders who voted in favor of the plan and the board of directors who recommended it breached their individual fiduciary duties to the Trust because their actions were against the Trust's interests. The Trust cites WIS. STAT. § 180.1405 that it contends requires a dissolving corporation to distribute any property remaining, after the payment of all corporate debts, to the shareholders.

¶ 7. In its second claim for relief, the Trust asserts that the plan of liquidation invokes statutory dissenters' rights, but that the notice for the June 9, 2000 meeting where the plan of liquidation was to be

---

[2] The trustee in bankruptcy was the only participant who voted against the plan; eight shares did not vote.

voted upon did not give notice that shareholders and beneficial shareholders may be entitled to assert statutory dissenters' rights under Wɪs. Sᴛᴀᴛ. §§ 180.1301 to 180.1331 (1999–2000).[3] It also asserts that the notice was not accompanied by a copy of those statutes, as is required, and that neither Bakst nor the Trust has ever received the requisite notice of dissenters' rights from GAT.

¶ 8. As a third claim, the Trust seeks judicial dissolution, based on the claimed waste of GAT's assets under the plan adopted by the shareholders. In the fourth claim, the Trust asserts that the plan's adoption was an attempt to defraud the Trust of its proportionate share of GAT's assets and that by transferring the assets into the Foundation, the defendants will remain in control of them and therefore have violated Wɪs. Sᴛᴀᴛ. § 242.04(1)(a) that deals with transfers in defraud of creditors. As the final claim, the Trust alleges conversion through the interference with the Trust's rights to GAT's assets, which interference was done without the Trust's permission when the plan was adopted. As relief, the Trust requested "avoidance" of the transfer of GAT's assets, pursuant to Wɪs. Sᴛᴀᴛ. § 242.07(1)(a) that

---

[3] All further references to the Wisconsin Statutes are to the 1999–2000 version, unless otherwise noted.

provides creditors' remedies;[4] judicial dissolution pursuant to Wis. Stat. § 180.1430; damages; punitive damages; and attorney's fees.

¶ 9. GAT moved to dismiss the amended complaint based on the Trust's lack of standing because it did not own stock on June 9, 2000, the date on which shareholders approved the plan of liquidation. The circuit court granted the motion after concluding that stock ownership was necessary because the injury complained of was one primarily to the corporation. Therefore, the Trust's claim was required to be brought as a derivative action, rather than as an individual action as the Trust has attempted to do. The circuit court did not directly address the Trust's claim based on dissenters' rights. The Trust appeals.

## DISCUSSION

**Standard of Review.**

¶ 10. Whether the facts alleged in a complaint state a claim for relief presents a question of law subject to *de novo* review. *See Tower Special Facilities, Inc. v. Investment Club, Inc.*, 104 Wis. 2d 221, 226, 311 N.W.2d 225, 228 (Ct. App. 1981). Additionally, whether a complaint has stated claims for relief that are all based on

[4] The amended complaint invokes the creditors' rights statutes of Wis. Stat. ch. 242; however, on appeal the Trust does not attempt to develop an argument that it is a creditor of GAT. We note that even if it had, it would be of no avail as share ownership is very different from creditor status vis-à-vis a corporation, and the amended complaint pleads no facts from which we could reasonably infer that the Trust was a creditor of GAT. *See Gelatt v. DeDakis*, 77 Wis. 2d 578, 606–07, 254 N.W.2d 171, 187 (1977).

an injury that is primarily to the corporation or whether some are grounded primarily in an individual injury are also questions of law that we review *de novo*. *See Rose v. Schantz*, 56 Wis. 2d 222, 228–29, 201 N.W.2d 593, 597–98 (1972). And finally, questions of statutory construction or the application of a statute to undisputed facts are questions of law on which we do not defer to the circuit court. *Truttschel v. Martin*, 208 Wis. 2d 361, 364–65, 560 N.W.2d 315, 317 (Ct. App. 1997).

**The Trust's Claims.**

¶ 11. On a motion to dismiss for failure to state a claim, the legal sufficiency of the complaint is tested. *Hartridge v. State Farm Mut. Auto. Ins., Co.*, 86 Wis. 2d 1, 4–5, 271 N.W.2d 598, 599 (1978). In so doing, the facts pleaded by the plaintiff, and all reasonable inferences therefrom, are accepted as true. *Id.* Dismissal, at this stage, is appropriate only if it is clear that under no circumstances can the plaintiff recover. *Id.* The sufficiency of a complaint is measured by the facts alleged, not by the plaintiff's theory of recovery. *Shelstad v. Cook*, 77 Wis. 2d 547, 553, 253 N.W.2d 517, 519 (1977). Here, the circuit court's decision to dismiss was grounded in its conclusion that the injury complained of was one primarily to the corporation and because the Trust was not a shareholder at the time of the injury, it did not have standing under Wis. Stat. § 180.0741 to bring the suit.

### 1. The Trust's Shareholder Status.

¶ 12. All of the Trust's claims are for injuries bottomed on its assertion of shareholder status. Therefore, we begin by examining that status in light of the

relevant statutes and the facts set forth in the amended complaint. WISCONSIN STAT. § 180.0103(14) defines "shareholder" as follows:

> "Shareholder" means the person in whose name shares are registered in the records of a corporation or the beneficial owner of shares to the extent of the rights granted by a nominee certificate on file with a corporation.

According to this unambiguous statute, to be a "shareholder" one must either be registered by name in the records of the corporation as the holder of shares or have on file with the corporation a nominee certificate showing the extent of the shareholder rights that may be exercised as a beneficial owner. The Trust contends it is the owner of sixty-one shares, but the amended complaint does not state that its name has been registered as a shareholder by GAT, or that a nominee certificate has been filed with the corporation giving it particular rights, or in any other manner imply that its interest was registered with the corporation when the acts it complains of occurred. The amended complaint, exhibit B, does show that on August 29, 2000, GAT reported the results of the vote on the plan of liquidation and dissolution to Bakst, as though the bankruptcy estate continued to hold the GAT shares.

¶ 13. Therefore, from the four corners of the amended complaint we can conclude that no allegation has been made from which a reasonable inference could be drawn that the Trust was a statutory shareholder at the time of the two acts of which it complains, the board's recommendation of the plan and the shareholders vote to approve it. However, the timing of the Trust's registering as the owner of shares in GAT is

significant in evaluating all of the claims made in the amended complaint, as we explain below.

### 2. Claims 1, 3, 4 and 5.

¶ 14. The Trust's claims for breach of fiduciary duty, judicial dissolution, fraudulent transfer and conversion are all driven by the plan to transfer all of GAT's net assets to the Foundation, thereby devaluing each shareholder's ownership interest. In order to bring an individual claim for breach of a fiduciary duty based on directors' or shareholders' acts, the Trust must have alleged facts sufficient, if proved, to show an injury that is personal to it rather than one derivative from the corporation. *Reget v. Paige*, 2001 WI App 73, ¶ 12, 242 Wis. 2d 278, 626 N.W.2d 302.

¶ 15. On the other hand, a derivative claim arises when the injury complained of was not caused by acts against the plaintiff, but rather by acts against the corporation that cause harm to the corporation. *Einhorn v. Culea*, 2000 WI 65, ¶ 16, 235 Wis. 2d 646, 612 N.W.2d 78. Derivative claims are those a corporation could bring because the corporation's assets are affected. *Rose*, 56 Wis. 2d at 229, 201 N.W.2d at 597. If the injury is one primarily to the corporation, a plaintiff must allege that it was a registered shareholder at the time of the transaction of which it complains. *Shelstad*, 77 Wis. 2d at 554, 253 N.W.2d at 520. The failure to plead that one was a registered shareholder requires the dismissal of derivative claims. *See Rank v. Lease Assocs., Inc.*, 45 Wis. 2d 689, 695, 173 N.W.2d 713, 716 (1970).

¶ 16. Here, with the exception of the claim based on a failure to give notice of dissenters' rights, it is GAT's assets that the Trust complains of being taken

from GAT under the plan of liquidation. Therefore, even though the value of all stock will be depleted by the plan, that injury is secondary to the corporation's loss of assets. Accordingly, we conclude that the Trust is attempting to bring a derivative action. However, the Trust has not alleged it was a registered shareholder at the time of the complained of acts. Accordingly, the circuit court correctly dismissed claims one, three, four and five on this basis.[5] *See id.*

### 3. The Second Claim.

¶ 17. The Trust's second claim asserts an alleged failure to give notice of dissenters' rights pursuant to WIS. STAT. § 180.1320. The Trust claims that the liquidation and dissolution plan is a transfer of all of GAT's assets and accordingly it has the right to dissent to the plan under WIS. STAT. § 180.1302, which right then creates obligations on GAT's part to give it notice of its statutory dissenters' rights, including its right to fair value plus interest for its shares.

---

[5] The dissent attempts to create a straw man of benefits that some of the shareholders will receive from the Foundation, *e.g.,* salaries for service as directors of the Foundation, and then proceeds to build a claim of an individual harm based upon those benefits. However, the amended complaint alleges no payment of salaries by the Foundation to anyone. Additionally, this case is a far cry from *Jorgensen v. Water Works, Inc.,* 2001 WI App 135, 246 Wis. 2d 614, 630 N.W.2d 230, cited by the dissent. In *Jorgensen,* two shareholders were removed as directors of a corporation where all of the shareholders had been directors and the corporation had always distributed all of its profits as directors' fees rather than as dividends. Therefore, the Jorgensens removal as directors also prevented only the Jorgensens from sharing in corporation profits.

¶ 18. We begin our discussion of this claim the same way as we did with our consideration of the other four claims, with the amended complaint's assertion about the Trust's shareholder status.[6] As we have noted above, the Trust did not meet the definition of a Wɪs. Sᴛᴀᴛ. § 180.0103(14) shareholder at the time of the acts complained of in the amended complaint.[7] Additionally, the amended complaint does not state facts that could support a determination that the Trust was a "beneficial shareholder" at any relevant time. A "beneficial shareholder" is defined by statute as a "person who is a beneficial owner of shares held by a nominee as the shareholder," Wɪs. Sᴛᴀᴛ. § 180.1301(1), and a "beneficial owner" must have a certificate of the nominee on file with the corporation in order to come within that statutory definition. Section § 180.0103(14). The amended complaint contains no facts from which we could reasonably imply that the Trust had filed such a certificate enabling it to qualify as a beneficial shareholder at the times relevant to its amended complaint. Shareholder or beneficial shareholder status is necessary to the Trust's assertion that it was wrongfully denied notice of dissenters' rights because the term,

[6] We assume that the plan invokes a right to dissent. However, we specifically do not decide this question because neither party briefed it and its resolution is not necessary to our decision.

[7] In its brief, the Trust attempts to modify the amended complaint by asserting that it is the actual transfer of GAT's assets to the Foundation that it maintains is wrongful. However, that is not what the amended complaint states. Additionally, if that were the case, we wonder on what basis the Trust could have sued the shareholders who simply voted in favor of the plan, but had no hand in determining when it would be implemented.

"dissenter," is a term defined by statute that requires shareholder status as a starting point. Section 180.1301(3) provides:

> "Dissenter" means a shareholder or beneficial shareholder who is entitled to dissent from corporate action under s. 180.1302 and who exercises that right when and in the manner required by ss. 180.1320 to 180.1328.

¶ 19. Because the Trust was not a shareholder or a beneficial shareholder at the time of the complained of acts, it had no right to vote in dissent to the plan of liquidation and dissolution. It follows then that it also cannot be a "dissenter" entitled to notice of dissenters' rights, as only one who can vote in dissent is entitled to such notice, according to the statute. WIS. STAT. § 180.1320. Therefore, we conclude that any alleged failure to give notice of dissenters' rights to the Trust cannot form the basis of a claim for relief. Our decision in this regard is in accord with that of at least one other jurisdiction. *See Gilman v. Davis*, 67 P.3d 78, 81 (Idaho 2003) (concluding that because a current shareholder was not entitled to vote on the action complained of, he was not entitled to complain that he was not given notice of dissenters' rights). Accordingly, we conclude that the circuit court correctly dismissed the second claim as well.[8]

---

[8] The dissent does not address the statutes that cover the formation and exercise of dissenters' rights, but instead goes back to its theme that all claims a former shareholder might have made attach to the stock so that any future owner can bring them. *See* dissent at ¶¶ 9–12. The only support the dissent has for this theory is the FLETCHER CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS. Broad statements from a legal treatise, while providing some general thoughts for examining a claim in

## CONCLUSION

¶ 20. Because the Trust was not a shareholder at the time of the challenged transactions, it cannot maintain a derivative action, nor can it assert a claim based on the failure to give notice of statutory dissenters' rights. Accordingly, we affirm the judgment of the circuit court.

*By the Court.*—Judgment affirmed.

¶ 21. LUNDSTEN, J. *(dissenting in part; concurring in part).* The majority concludes that the injuries alleged in claims 1, 3, 4, and 5 of the complaint were primarily to the corporation and secondarily to the Borne Trust. The majority concludes that these claims were correctly dismissed because the Trust was not a registered stockholder at the time of the alleged injury-causing action. Majority at ¶¶ 14–16. I respectfully disagree. I believe the Trust sufficiently alleged a

a given area, provide little support for the dissent. Specific claims must always be analyzed individually. For example, the contemporaneous ownership rule has been held to preclude bringing many types of shareholder claims if they arose before the litigant owned the shares. *See Bank of Santa Fe v. Petty*, 867 P.2d 431 (N.M. 1993). And, claims of misrepresentation generally cannot be brought by a shareholder who purchased the shares from a shareholder to whom the misrepresentation was made because of the inability to meet the element of reliance that is part of a misrepresentation claim. *See Parnes v. Gnome Mfg. Co.*, 117 A. 148 (N.J. 1922). Additionally, courts have also held that a fiduciary duty arises only after a shareholder has become the owner of stock and does not lie for actions occurring prior to that time. *See Anadarko Petroleum Corp. v. Panhandle Eastern Corp.*, 545 A.2d 1171, 1174–77 (Del. 1988). Furthermore, the second claim asserts rights created by statute. Those claimed rights must be analyzed under the directives set out by the legislature. *See Gilman v. Davis*, 67 P.3d 78, 81 (Idaho 2003).

breach of fiduciary duty and that this claim is a direct action which may be brought by the Trust, even if the Trust was not a stock owner at the time of the alleged injury-causing action. In addition, with respect to dismissal of the Trust's dissenters' rights claim, I concur with the result, but write separately because I differ in how we should reach that result.

¶ 22. The rules governing the sufficiency of a civil complaint are well established. "The purpose of the complaint is to give notice of the nature of the claim; and, therefore, it is not necessary for the plaintiff to set out in the complaint all the facts which must eventually be proved to recover." *Morgan v. Pennsylvania Gen. Ins. Co.*, 87 Wis. 2d 723, 731, 275 N.W.2d 660 (1979). "[I]f any set of facts would support the allegations to make out a legally sufficient claim, these facts must also be considered admitted." *Id.* at 734. When reviewing a complaint, "we must liberally construe the ... complaint" and we may sustain a "motion to dismiss only if it is clear that under no circumstances can [the plaintiff] prevail." *Barry v. Maple Bluff Country Club*, 221 Wis. 2d 707, 723, 586 N.W.2d 182 (Ct. App. 1998).

¶ 23. The majority's recitation of the test to determine whether a claim belongs to the corporation (derivative cause of action) or the individual (direct cause of action) is incomplete. The majority states:

> [A] derivative claim arises when the injury complained of was not caused by acts against the plaintiff, but rather by acts against the corporation that cause harm to the corporation. Derivative claims are those a corporation could bring because the corporation's assets are affected.

Majority at ¶ 15 (citations omitted). The majority then concludes in cursory fashion that the injury is primarily

to the corporation because "it is GAT's assets that the Trust complains of being taken from GAT under the plan of liquidation." Majority at ¶ 16. Under the majority's definition of derivative actions, it is difficult to conceive of an action that would belong primarily to a shareholder. Apparently, a shareholder would have to suffer an injury without any corresponding injury to the corporation. I believe the relevant case law does not define individual causes of action so narrowly.

¶ 24. An action is a "direct action," rather than a "derivative action," when the alleged primary injury is to some subset of shareholders rather than to the corporation. *See Rose v. Schantz*, 56 Wis. 2d 222, 229–30, 201 N.W.2d 593 (1972). In order to bring a direct action, a "complaint must allege facts sufficient, if proved, to show an injury that is personal to [the complainant], rather than an injury primarily to the corporation." *Reget v. Paige*, 2001 WI App 73, ¶ 12, 242 Wis. 2d 278, 626 N.W.2d 302; *see also Read v. Read*, 205 Wis. 2d 558, 570, 556 N.W.2d 768 (Ct. App. 1996) ("[A]bsent an individual right, a shareholder may not bring suit for actions accruing to the corporation."). Shareholders are directly injured when they are affected "in a manner distinct from the effect upon other shareholders." *Jorgensen v. Water Works, Inc.*, 2001 WI App 135, ¶ 16, 246 Wis. 2d 614, 630 N.W.2d 230 (*Jorgensen II*). Conversely, an injury is primarily to the corporation if all shareholders are affected proportionately to the number of shares they own. *See id.* at ¶¶ 16–18; *Jorgensen v. Water Works, Inc.*, 218 Wis. 2d 761, 776–77, 582 N.W.2d 98 (Ct. App. 1998).

¶ 25. In this case, the Trust's amended complaint states:

> 43. . . . Upon information and belief, the assets of GAT are being transferred to a corporation which is

controlled by at least several of the individual defendants, and in which [Borne] will have no interest.

44. By transferring the assets of GAT to [the charitable foundation], the defendants will have retained possession and control of the assets of GAT to the detriment of plaintiff, whose shares in GAT are worthless if all assets of GAT have been transferred . . . .

¶ 26. The germane question is whether there exists a set of facts that would support the Trust's allegations sufficient to make out a legally adequate claim, that is, that the Trust suffered an injury "in a manner distinct from the effect upon other shareholders." *Jorgensen II*, 246 Wis. 2d 614, ¶ 16. The answer is yes.

¶ 27. It may well be that the defendants who control the Foundation will receive some benefit as a result of the transfer of GAT assets to the Foundation. For example, members of the board of directors of a charitable corporation are often compensated monetarily for their duties. On the surface, each of these Foundation director shareholders suffers a total loss in the value of his or her GAT stock, just as does the Trust. However, the effect of the transaction may also benefit these shareholders while providing no benefit to the Trust. Therefore, it is inferable from the amended complaint that the Trust will suffer an injury distinct from several of the defendants (those who hold an interest in the charitable corporation) because these defendants may receive some benefit from the transfer of GAT's assets to the Foundation.

¶ 28. Assuming the Trust holds a direct claim against the corporation, the parties still dispute whether the Trust had to own stock at the time of the

acts complained of (the board's recommendation of the plan and the shareholders' vote), as required by WIS. STAT. § 180.0741. My research reveals no Wisconsin case on point, but I conclude that a plaintiff need not be a shareholder at the times relevant to his or her claim in order to pursue an individual claim for breach of fiduciary duty.[1]

¶ 29. The general rule is that "a shareholder who seeks to maintain a nonderivative action is not required to have owned stock at the time of happening of events upon which the complaint is based." 12B WILLIAM MEADE FLETCHER ET AL., FLETCHER CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 5936.10, at 520–21 (perm. ed., rev. vol. 2000) (footnote omitted). Indeed, the logic of having a derivative action statute, such as WIS. STAT. § 180.0741, is that it is an exception to the general rule that, along with stock, a stock purchaser buys the right to sue for past wrongs.[2] Section 180.0741 provides:

> A shareholder or beneficial owner may not commence or maintain a derivative proceeding unless the shareholder or beneficial owner satisfies all of the following:
>
> **(1)** Was a shareholder or beneficial owner of the corporation *at the time of the act or omission complained of* or became a shareholder or beneficial owner

---

[1] I note that the Trust fails to persuasively argue that it could pursue its breach of fiduciary duty claim against the defendants who are shareholders but do not own a majority stake in GAT and do not serve on GAT's board of directors. We find no support for the proposition that these shareholders owe a fiduciary duty to other GAT shareholders.

[2] The majority correctly points out that there are exceptions to this general rule, but does not demonstrate that there is no general rule or that any recognized exception applies here.

through transfer by operation of law from a person who was a shareholder or beneficial owner at that time.

**(2)** Fairly and adequately represents the interests of the corporation in enforcing the right of the corporation.

(Emphasis added.)

¶ 30. If a person buying stock does not usually acquire the right to bring causes of action that the seller could have brought, there would be no need for the derivative action statute. "[T]he purpose of [the derivative action statute] is to reduce the incidence of 'strike suits' by persons who have purchased the stock with the intention of bringing derivative actions for wrongs sustained by the corporation prior to their ownership." *Becker v. Becker*, 56 Wis. 2d 369, 373, 202 N.W.2d 688 (1972) (construing the predecessor to WIS. STAT. § 180.0741). Therefore, because no statute directs otherwise, there is no corresponding prohibition on individual causes of action.

¶ 31. I turn my attention now to that portion of the majority decision beginning at paragraph 17, entitled "The Second Claim." Here, the majority addresses the Trust's claim asserting a failure to give notice of dissenters' rights. The majority concludes that because the Trust was not a GAT shareholder at the time of the shareholder vote on the dissolution plan, the Trust cannot complain about the failure to provide dissenters' rights notice. Majority at ¶ 19. I disagree.

¶ 32. Once more I rely on the general proposition that "a shareholder who seeks to maintain a nonderivative action is not required to have owned stock at the time of happening of events upon which the complaint is based." FLETCHER CYCLOPEDIA § 5936.10, at 520–21 (footnote omitted). Thus, a stockholder, who has pur-

chased stock from a dissenting shareholder, acquires along with the stock the right to a claim against a corporation for failure to provide dissenters' rights notice under Wɪs. Sᴛᴀᴛ. § 180.1320. Nothing in the statutes cited by the majority requires that only the shareholder who was entitled to notice may pursue a claim based on a violation of the notice provision.

¶ 33. Nonetheless, I concur in the result reached by the majority because I would deem the issue waived. The Trust does not in any plain manner argue or develop the argument that GAT's failure to provide dissenters' rights notice affords the Trust an alternate ground on which to state a direct action. *See Block v. Gomez*, 201 Wis. 2d 795, 811, 549 N.W.2d 783 (Ct. App. 1996) (refusing to address amorphous and insufficiently developed arguments).

¶ 34. Accordingly, I respectfully dissent to paragraphs 14–16 of the majority and concur with the result, but not the reasoning, with respect to paragraphs 17–19.